Gerald HOLMQUIST and Helen K. Holmquist, the Legal Guardians and Next of Kin of Barbie Jo Holmquist, deceased; and Gerald W. Holmquist as Trustee for the use and benefit of Gerald W. Holmquist and Helen K. Holmquist, Respondents (C7–83–1919),

v.

Gerald MILLER and Harold Miller and Agnes Miller, Appellants.

and

Kevin Lee SHIMMIN and Larry Shimmin and Bonita M. Shimmin; East End Bottle Shop, Inc., a Minnesota Corporation, Respondents.

Scott Thomas Hemingson, Appellant (C7–84–84),

v.

James GABBERT, Respondent.

Russell KNUTSON, Appellant (CX–84–371),

v.

Barry BARBER, et al., Respondents.

Nos. C7–83–1919, C7–84–84 and CX–84–371.

Court of Appeals of Minnesota.

June 19, 1984.

Steven W. Schneider, Halverson, Watters, Bye, Downs & Maki, Duluth, for Miller.

George G. Eck, Dorsey & Whitney, Minneapolis, for Hemingson.

Thomas G. Johnson, Wilmar, for Knutson.

Michael Orman, Harper, Eaton, Peterson, Overom & Orman, Duluth, for Holmquist et al.

Kay Nord Hunt, Lommen, Nelson, Sullivan & Cole, Minneapolis, for Gabbert.

Heard, considered and decided by SEDGWICK, P.J., and PARKER and CRIPPEN, JJ.

## OPINION

PARKER, Judge.

These cases raise questions about the civil liability of social hosts for damages caused by their furnishing intoxicating liquor to a minor. The common questions raised in these appeals are (1) Is an adult, not a commercial vendor, who sells to or procures intoxicating liquor for a minor

liable under the Civil Damages Act for damages caused by the minor's intoxication? and (2) Does the Civil Damages Act preempt a common-law negligence action based on violation of a criminal statute barring the furnishing of liquor to a minor? *Hemingson v. Gabbert*, Ct.App. No. C7-84-84, raises the additional question, (3) Does a negligence action exist for the alleged breach of a duty to prevent a minor brother-in-law from operating a car while intoxicated?

## FACTS

In *Hemingson v. Gabbert* and *Knutson v. Barber, et al.*, the facts are as follows: Barry Barber, a minor, was visiting with his sister and brother-in-law, James Gabbert. Gabbert knew Barber was a minor. Barber and Gabbert drove to the Woodlake Municipal Liquor Store. Barber gave Gabbert $2 toward the purchase of a 12-pack of strong beer and Gabbert bought the beer. They returned to Gabbert's home and drank the beer; Barber drank about six cans. When Barber drove home in an intoxicated condition, he collided with a vehicle driven by Michael Knutson. Both Scott Hemingson and Russell Knutson were passengers in the Knutson vehicle. Gabbert moved for summary judgment in both cases and the trial court granted his motions.

In *Holmquist v. Miller, et al.*, Ct.App. No. C7-83-1919, the Millers held a party at their residence. It is alleged they furnished intoxicating liquor to a minor. The minor left and, while riding as a passenger in a car driven by another minor who had been served intoxicating liquor at the party, fell out of the car. The driver failed to stop although the temperature was below freezing. The minor died one week later.

The Holmquists, as legal guardians, sued the Millers, the driver and his parents, and the East End Bottle Shop of Duluth. The Millers' motion for summary judgment was denied, but the trial court certified the following three questions to this court under Rule 103.03(h), Minn.R.Civ.App.P.:

(1) When an adult furnishes, or permits to be furnished, alcoholic beverages to a minor in the home of the adult, is the adult immune from all civil liability and responsibility for damages caused to others by the actions of the intoxicated minor?

(2) Does a violation of the provisions of M.S.A. 340.73, which prohibits the giving of liquor to a minor, and which defines such act as a sale, permit a civil suit against the adult who violates that statute, under M.S.A. 340.95?

(3) What effect do the amendments of March 23, 1982, to M.S.A. 340.73 have on the responsibility of a social host who furnishes liquor to a minor, in view of the cases of *Cole v. City of Spring Lake Park*, 314 N.W.2d 836 (Minn.1982), and *Walker v. Kennedy*, 338 N.W.2d 254 (Minn.1983)?

## ISSUES

1. Is an adult, not a commercial vendor, who sells to or procures intoxicating liquor for a minor liable under the Civil Damages Act for damages caused by the minor's intoxication?

2. Does the Civil Damages Act preempt a common-law negligence action based on the violation of Minn.Stat. § 340.73 (1982), a criminal statute barring the furnishing of liquor to a minor?

3. Does Hemingson have a cause of action in negligence based on the breach of a duty of Gabbert to prevent his brother-in-law from operating a car while intoxicated?

## DISCUSSION

### I

■ The Civil Damages Act is concerned with intoxication which results in injury to the intoxicated person's dependents or others. *Hollerich v. City of Good Thunder*, 340 N.W.2d 665, 668 (Minn.1983). It imposes strict liability on those who violate its provisions. The Act provides, in relevant part:

Every * * * person who is injured * * by any intoxicated person or by the intoxication of any person has a right of

action * * * against any person who, by illegally selling or bartering intoxicating liquors, caused the intoxication of that person * * *.

Minn.Stat. § 340.95 (1982).

Although *Holmquist* does not involve a sale or barter, any procurement of liquor for a minor is deemed a sale under Minn. Stat. § 340.73, subd. 3, and for purposes of this appeal we consider it an illegal sale under the Civil Damages Act.

In its literal language, the Act imposes liability on everyone, vendors and nonvendors alike. The term "person" is not defined in the Act, other than a reference in another section of Chapter 340 that it includes political bodies, corporations, partnerships, and other unincorporated associations. *See* Minn.Stat. § 340.07, subd. 9 (1982). However, in interpreting the Act, the Supreme Court has not taken a broad view of "person". The Court has stated that the Act is designed to "regulate the conduct of liquor vendors." *Hollerich*, 340 N.W.2d at 667. *See Cady v. Coleman*, 315 N.W.2d 593, 595 (Minn.1982); *Cole v. City of Spring Lake Park*, 314 N.W.2d 836, 839 (Minn.1982); *Hannah v. Jensen*, 298 N.W.2d 52, 54 (Minn.1980); *Robinson v. Lamott*, 289 N.W.2d 60, 65 (Minn.1979).

Prior to 1977, the Act had allowed an action against a person who illegally sold, bartered or gave liquor. In *Ross v. Ross*, 294 Minn. 115, 200 N.W.2d 149 (1972), the Court held that a noncommercial vendor who provided liquor gratuitously to a minor was liable for injury caused by the minor's intoxication. With full knowledge of *Ross*, the legislature amended the Act in 1977 by deleting the phrase, "or giving." Act of June 2, 1977, c. 390, § 1, 1977 Minn.Laws 887; *Cole*, 314 N.W.2d at 839.

The Court has strongly indicated that social hosts such as the Millers or a procurer of liquor for a minor, such as Gabbert, are insulated from liability under the Dramshop Act. In *Cady*, 315 N.W.2d 593, members of a law firm purchased drinks for an insurance adjuster. After the adjuster appeared to be intoxicated, one of the lawyers bought at least one more drink for him. The adjuster attempted to drive home but collided with another vehicle. A suit was brought against the law firm and the contention was that an illegal sale or barter took place. The Court stated:

We hold in this case that the legislature intended to insulate social hosts from liability regardless of the terms under which they provide their guests with liquor. It is illogical to impose liability *under the Act* upon a social host who sells or barters liquor to a minor or an intoxicated person, but not upon one who gives it away. The argument that commercial vendors should be subject to liability because they profit by their sales and therefore should bear some of the risks created by their business does not apply with equal force to a social host, who is unlikely to make any profit even if he barters or sells liquor to guests.

* * * * * *

The legislature's intent to restrict liability only to commercial vendors is sufficiently clear from its deletion from the Act of the word "giving." "Any person" who sells or barters liquor means a person in the business of providing liquor, and not a social host who happens to receive some consideration from his guests in return for drinks he provides.

*Cady*, 315 N.W.2d at 595–96 (emphasis supplied).

■ Although *Cady* did not involve an illegal sale to a minor but involved an illegal sale to an obviously intoxicated person under Minn.Stat. § 340.73 (the same section making it illegal to furnish or procure liquor to a minor), the Court's clear mandate is that no such action is permissible under the Act. Thus, we conclude that *there is no action under the Civil Damages Act* against a noncommercial vendor who either sells or furnishes intoxicating liquor to a minor resulting in damage caused by the intoxicated minor.

## II

Analysis of the claimed common-law basis for a negligence action founded upon

violation of the criminal statute, § 340.73, requires a recognition that there have been conflicting indications, in the nature of dicta, of the view of the Supreme Court. The least equivocal of these is found in *Fitzer v. Bloom*, 253 N.W.2d 395, 403 (Minn.1977):

> Since the legislature has provided a remedy for the illegal sale of intoxicating liquor in the Civil Damage Act, the legislature has preempted the field and has provided the exclusive remedy in the act. A common-law cause of action for negligence will only be allowed where the act does not apply.

Minn.Stat. § 340.73 imposes criminal penalties for the provision of liquor to minors or obviously intoxicated persons.

Initially we note that the transcript of the floor debate in the State Senate on the proposed 1977 amendment to delete "giving" from the Act clearly shows that the legislators indicated no intent to preempt a common-law action because they were concerned solely with social host liability under the Act. There was no discussion of Minn.Stat. § 340.73 or about liability for furnishing liquor to a minor. While a distinction could conceivably be drawn between furnishing liquor to a minor and furnishing to an obviously intoxicated person, as noted in *Cole*, 314 N.W.2d at 839, n. 2, we cannot overlook the language of § 340.73, subd. 3, which deems *any procurement* of intoxicating liquor, in violation of that section, a *sale* (emphasis supplied).

■ The violation of a criminal statute may be negligence per se. *Zerby v. Warren*, 297 Minn. 134, 210 N.W.2d 58 (1973). *See* Restatement (2d) *Torts*, § 288B(1) (1965). The violation of Minn.Stat. § 340.73 is negligence per se, allowing a common-law negligence action. *Trail v. Christian*, 298 Minn. 101, 213 N.W.2d 618 (1973). Although *Trail* has been expressly limited to its specific facts, *Robinson v. Lamott*, 289 N.W.2d 60, 64 (Minn.1979), we are not convinced that a contrary result is mandated.

It is urged that the decision in *Cole* effectively shut the door on any common-law action against social hosts. *Cole* involved a claim of negligence based on the gratuitous furnishing of liquor from an adult host to another adult. In determining that there was no claim, the court also stated:

> [T]he specific removal of the word "giving" is legislative activity which we interpret here as intent to preempt a Civil Damages Act or common-law remedy against social hosts.

*Cole*, 314 N.W.2d at 840.

We do not read this language as precluding a common-law claim based on the furnishing of liquor to a minor because since the *Cole* decision, the Supreme Court has clarified its perception of this issue.

In *Walker v. Kennedy*, 338 N.W.2d 254 (Minn.1983), the Court was faced with a somewhat analogous fact situation to one of the cases here. The Kennedy parents were on vacation in Arizona and their children hosted a party. One of the guests, a minor, later caused injury to a driver of a snowmobile. The Court stated:

> *An essential element for social host liability* is that the guest is "given or furnished" alcoholic beverages by the person from whom recovery is sought. *See, e.g., Linn v. Rand*, 140 N.J.Super. 212, 217, 356 A.2d 15, 18 (1976); *Wiener v. Gamma Phi Chapter of Alpha Tau Omega Fraternity*, 258 Or. 632, 643, 485 P.2d 18, 23 (1971). Since it is undisputed that Welin was not "given or furnished" liquor by any member of the Kennedy family, social host liability is inappropriate in the present case, regardless of the fact that Welin was a minor.

*Id.* 338 N.W.2d at 255 (emphasis supplied).

■ The majority of the Court appears to acknowledge that a negligence action is allowed in the proper circumstances. The two foreign cases cited by the Court also discuss a similar claim based on negligence. Thus, we hold that a common-law action exists against one who furnishes liquor to a minor in violation of Minn.Stat. § 340.73.

The recent case of *Olson v. Ische*, 343 N.W.2d 284 (Minn.1984), is not persuasive contradictory authority. In that case, the Court discussed the theory that a passen-

ger violated the "open bottle" law set forth in Minn.Stat. § 169.122 (1982). The Court merely said that the passenger's possession of an open bottle did not cause the injuries of the innocent third party and that no action would lie against the passenger for furnishing liquor to the driver either under the Civil Damages Act or under common law. Miller argues that *Olson* shows the furnishing of liquor to the driver in "violation of a statute" cannot provide a basis for liability. This is incorrect because the furnishing of liquor was not in violation of the open bottle statute; the Court's discussion was dicta and only pointed out that no social host liability exists for the mere *furnishing* of liquor.

Our decision allowing a cause of action also comports with sound public policy. The legislature has recognized that minors should be prevented from purchasing, possessing or drinking alcoholic beverages. Minn.Stats. §§ 340.73, 340.035, 340.79, 340.-731, subd. 2, subd. 4 (1982). Social policy dictates that individuals who procure intoxicating liquor for minors be held liable for damages caused by the intoxicated minor. The social ills from intoxication are grossly aggravated when minors are involved because of their documented inability to cope properly with intoxicating liquor. Imposing civil liability discourages the illegal furnishing of liquor to minors; thus, it serves to promote our strong public policy of preventing our youth from causing senseless damage to themselves and the public.

### III

■ We will briefly discuss Hemingson's contention that he has a cause of action in negligence based on the breach of a duty of Gabbert to prevent his brother-in-law from operating a car while intoxicated. In *Cole,* a similar claim also was made and rejected by the Court in ruling that no independent ground existed for establishing a common-law negligence action. *Cole,* 314 N.W.2d at 840. Likewise, in *Olson,* the Court held that absent a special relationship between a driver-owner and a passenger, the passenger has no duty to members of the public to control the operation of a car by the intoxicated driver. Hemingson failed to explicate how a brother-in-law relationship imposes such a duty, and we do not believe this is such a special relationship which can result in liability.

### DECISION

*Hemingson v. Gabbert,* No. C7–84–84, and *Knutson v. Barber, et al.,* No. CX–84–371: Summary judgment in favor of Gabbert is reversed because a common-law negligence action based on the violation of Minn.Stat. § 340.73, furnishing liquor to a minor, is permitted under Minnesota law. The trial court's determination that no action exists under the Civil Damages Act is affirmed; the determination that no action exists for the breach of a duty to prevent a brother-in-law from driving while intoxicated is also affirmed.

*Holmquist v. Miller,* No. C7–83–1919: The certified questions are answered as follows:

(1) When an adult furnishes, or permits to be furnished, alcoholic beverages to a minor in the home of the adult, is the adult immune from all civil liability and responsibility for damages directly caused to others by the actions of the intoxicated minor?

The adult is immune from strict liability under the Civil Damages Act, but may be liable under a common-law negligence theory for violating Minn.Stat. § 340.73 by furnishing liquor to a minor.

(2) Does a violation of the provisions of M.S.A. 340.73, which prohibits the giving of liquor to a minor, and which defines such act as a sale, permit a civil suit against the adult who violates that statute, under M.S.A. 340.95?

The violation of § 340.73 does not permit a civil suit under the Civil Damages Act; it permits a common-law negligence action for violation of the statute by furnishing liquor to minors.

(3) What effect do the amendments of March 23, 1982, to M.S.A. 340.73 have on the responsibility of a social host who furnishes liquor to a minor, in view of the

cases of *Cole v. City of Spring Lake Park*, 314 N.W.2d 836 (Minn.1982), and *Walker v. Kennedy*, 338 N.W.2d 254 (Minn.1983)?

These amendments have no effect on any of the above issues; they merely clarified certain language by substituting "intoxicating" liquor for "spiritous, vinous, malt and fermented" and by changing the tense in the statute from future to present. *See* Laws of Minnesota 1982, c. 528, § 5.

CRIPPEN, Judge (dissenting.)

I respectfully dissent for two reasons.

First, I maintain that social policy suggested by state law shows concern for intoxicated adults as greatly as for intoxicated minors. While the law is sensitive to dangers connected with intoxication of minors, and supports a special responsibility of adults to control occurrences of drinking by minors, I do not find in the law any cause for preferential respect for that policy as against the policy to discourage the selling or giving of liquor to an intoxicated adult.

Many of the observations which favor the liability of hosts for minors apply as convincingly to hosts for intoxicated adults. This is true, for example, regarding observations about 1977 legislative debates. The debate focused on the Civil Damages Act and not on common-law liability. This is significant as to prospective liability for hosts of minors, but equally significant as to prospective liability for hosts of intoxicated adults. Likewise, it may be important that Minn.Stat. § 340.73(3) (1982) says a sale occurs when liquor is furnished "in any way." Illegal giving of liquor is deemed an illegal sale of liquor. This is true for liquor given to a minor, but also for liquor given to an intoxicated adult.

Second, based on the observations which follow, I conclude that an analysis of *Cole v. City of Spring Lake Park*, 314 N.W.2d 836 (Minn.1982), does not permit the anomaly of liability for some categories of social hosts but not for others. Commenting on the 1977 amendment of the Civil Damages Act, Minn.Stat. § 340.95 (1980) (Dram Shop Act), the court in *Cole* said:

The legislature has been anything but silent; the specific removal of the word 'giving' is legislative activity which we interpret here as intent to preempt a Civil Damages Act *or common-law remedy against social hosts*. There was, as the legislature knew, no right of action at common-law against social hosts in this jurisdiction, only the statutory cause of action under the Dram Shop Act, which was eliminated with the word 'giving.' (emphasis added)

1. In a footnote to the opinion, the court discussed foreign state decisions which distinguish between drinking adults and drinking minors. 314 N.W.2d at 839, n. 2. The note ended with this comment:

The cases under consideration by this court do not involve a minor or the statute in regard to minors.

This observation may explain an argument that the case has no effect on the prospect for common-law liability founded on a violation of Minn.Stat. § 340.73(1) (1982), which declares the illegality of furnishing liquor to minors. The argument is not convincing.

An understanding of the *Cole* decision requires recognition that Dram Shop liability attaches for those who "illegally" distribute liquor. Minn.Stat. § 340.95 (1982). The illegality of furnishing liquor must be established under other provisions of Chapter 340. *Hollerich v. City of Good Thunder*, 340 N.W.2d 665 (Minn.1983).

The facts in *Cole* involved illegal furnishing of liquor to an intoxicated guest. Minn.Stat. § 340.73(1), which deals with distributions to minors, is also the statutory basis for determining the illegality of furnishing liquor to an obviously intoxicated person. Similarly, Minn.Stat. § 340.-14(1a) (1982), deals both with sales to minors and sales to obviously intoxicated persons.

Hence, *Cole* has an important effect in shaping our understanding of prospective liability for violations of Minn.Stat. § 340.-73(1).

2. As noted above, the *Cole* decision dealt with illegal acts under § 340.73. That statute does not specially deal with intoxicated *adults.* Rather, the statute deals with furnishing liquor to an intoxicated *person,* young or old.

3. In *Cole,* the Supreme Court distinguished two cases in which it had recognized common-law actions. Both cases involved vendors. One of those vendor cases, *Trail v. Christian,* 298 Minn. 101, 213 N.W.2d 618 (1973), involved sale to a minor, explaining these words in *Cole:*

> In the instant cases we have neither a vendor, a minor, 3.2 beer (not included in the Civil Damages Act at the time of *Trail* ), nor an out-of-state vendor (the basis for common-law liability in *Blamey v. Brown,* 270 N.W.2d 884 (Minn.1978)).

*Id.* 314 N.W.2d at 840.

As the court then noted, the *Trail* opinion was expressly limited to common-law liability of commercial vendors, and as to sales of liquor "to minors *or those already intoxicated.*" The distinction appears to focus on vendors, not guests who are minors.

4. As stated earlier, it was decided in the *Cole* case that 1977 legislative action preempted social host liability. The Supreme Court observed in its opinion that the legislation was designed to end liability recognized in *Ross v. Ross,* 294 Minn. 115, 200 N.W.2d 149 (1972). It is significant that the *Ross* decision dealt with Civil Damages Act liability for the social host of a minor. That social host situation was at the core of legislative and judicial action culminating in the *Cole* decision.

5. Citing *Walker v. Kennedy,* 338 N.W.2d 254 (Minn.1983), the majority notes that the Minnesota Supreme Court acknowledges that some social hosts could be held liable in a common-law negligence action founded on one form of violation of Minn.Stat. § 340.73 (1982), the furnishing of liquor to a minor. In fact, the majority of the court does not address the question whether the *Cole* decision would permit such a result, and four concurring justices say it would not.

In summary, two questions are prompted by the majority decision. The first is a policy question as to whether the court should recognize protected and nonprotected categories of social hosts. I believe it should not. The second is an analytical question as to whether that result is permitted in light of a careful study of the *Cole* decision. I believe that it is not.

I would affirm the District Court, Yellow Medicine County, and furnish compatible answers to the questions certified by the District Court, St. Louis County.