*833
 
 WAHL, Justice.
 

 The question raised by each of the four appeals we consider here is whether the legislature has preempted a common-law cause of action for negligence against a social host who furnishes liquor to an intoxicated guest where the guest later causes injury to a third party as a result of being intoxicated.
 
 Jeffrey Cole v. City of Spring Lake Park, et al.,
 
 S.Ct. File No. 50835, and
 
 Candace Pilarski v. City of Spring Lake Park, et al.,
 
 S.Ct. File No. 50836, consolidated by order of this court dated January 22, 1980, and argued orally, raise the additional issue as to whether a cause of action based on breach of an assumed duty lies regardless of preemption.
 
 Anna List as Trustee of Frank List, Anna List, Marilyn Schrader, Frank List, Jr., and Lana Lewis v. Patrick J. Scoles and Rolf E. Johnson,
 
 S.Ct. File No. 51301, raising the liability of the social host question in the context of a wedding reception, and
 
 Paul L. Wettschreck v. Frank Thomas Kozlowski, et al.,
 
 S.Ct. File No. 51158, raising the question in a “keg-ger” context, were considered en banc without oral argument on the same date that
 
 Cole
 
 and
 
 Pilarski
 
 were argued. In each case, the court below dismissed the complaint for failure to state a cause of action.
 

 Because our analysis of the history of the Minnesota Civil Damages Act, Minn.Stat. § 340.95 (1978) (Dram Shop Act), including its amendment in 1977, ch. 390, § 1, 1977 Minn.Laws, 887, 887 (1977 amendment), persuades us that the Minnesota legislature has preempted any action against social hosts who give liquor to guests, we affirm.
 

 The facts in
 
 Cole
 
 and
 
 Pilarski
 
 are these: Jeffrey Cole and Candace Pilarski were riding in Cole’s pickup truck in the northbound lane of Highway 65 shortly after 7 p. m. on December 19, 1977. The vehicle was hit head-on by a car driven by LaMont C. Boo-key which was headed south in the northbound lane. A third vehicle hit plaintiffs’ vehicle from behind. Plaintiffs were severely injured. Pilarski has continuing disabilities, while Cole has permanently lost the vision in his left eye.
 

 Bookey had a blood alcohol content of 0.24% shortly after the accident. He had spent most of the day drinking, starting with beer and whiskey at home in the morning, and then had had more beer and whiskey at the University Park Bar and Lounge. In the early afternoon, he drove to the home of his sister and brother-in-law, Shirley and Rudolph Noreen, in Ham Lake. The Noreens were aware of Bookey⅛ history of heavy alcohol consumption. When Bookey wanted a drink immediately upon. arrival at the Noreens’ home but had no money to purchase it, Bookey drove Mrs. Noreen to a local liquor store, where she purchased beer and whiskey or brandy for him. On returning to the Noreens’ home, Bookey drank two or three beers and two or three shots of liquor and became loud and argumentative as he became more intoxicated. Mr. Noreen took the liquor away from Bookey, causing even more argument. Mr. Noreen then asked Bookey to leave, even though Bookey knew he was intoxicated and had asked to stay. Bookey left, and the Noreens agreed that he was intoxicated when he left. The time at which Bookey departed from the Noreens’ home is unclear. The accident occurred at 7:15 p. m.
 

 Cole and Pilarski brought suit against Bookey, the City of Spring Lake Park, which operated the University Park Bar and Lounge, and the Noreens. They settled with Bookey on October 12, 1978, and with the City of Spring Lake Park on October 22,1979. It is from the order of the Anoka County District Court, dated September 25, 1979, dismissing their common-law causes of action against the Noreens that they appeal. The court, in dismissing their actions, expressed doubt with regard to the preemption issue but declined to extend the common law to permit recovery in tort for negligence.
 

 In
 
 Wettschreck,
 
 Wettschreck’s claims arose out of an automobile accident in the early morning hours of July 29, 1978, when the automobile driven by defendant Frank Kozlowski hit the parked car in which Wettschreck was sitting. This accident occurred following a party, a “kegger,” hosted by Thomas and Michael Schroeder at the
 
 *834
 
 home of their parents in St. Paul. Several persons contributed to the cost of the keg of strong beer, while other people attending the party brought their own liquor. No special invitations were issued, but those who heard about the party were “invited.” Defendant Kozlowski met some friends, heard about the party, and drove to the party with defendant Kreuser in Kreuser’s car. Kozlowski drank some beer that he had brought and a number of glasses of beer from the keg furnished by the Schroe-ders.
 

 About midnight, Kozlowski, driving Kreuser’s car, left the party with Thomas Schroeder to find “any girls that would want to come out and drink for a while.” They stopped to buy more beer and to pick up a girl Kozlowski knew. Kozlowski continued driving while the car’s occupants drank more beer. The accident with the Wettschreck vehicle occurred shortly thereafter. The Kreuser vehicle was totally demolished; Wettschreck sustained the injuries on which this suit is based.
 

 The Ramsey County District Court, assuming as true that Kozlowski was served free beer from the Schroeder’s keg when he was obviously drunk and one or both Schroeders knew he was drunk, dismissed the complaint against the Schroeders. The court concluded that Kozlowski and Thomas Schroeder were not engaged in a joint enterprise and that the legislature had preempted the field and provided that social hosts have no liability for negligently furnishing liquor to their guests.
 

 The
 
 List
 
 case arose from an automobile accident on September 22, 1979, in which decedent Frank List was fatally injured when his car was struck by a vehicle driven by Rolf E. Johnson. Johnson was intoxicated. He had obtained the liquor, of an unknown amount and kind, as a guest at a wedding reception for Michael Scoles, hosted by defendant Patrick Scoles. The wedding invitation read “Beer and set ups BYOB.” For the purposes of this appeal, Johnson admits he was intoxicated. Scoles and Johnson both admit that the liquor was provided gratuitously by Scoles and that no business relationship between Scoles and Johnson existed.
 

 Anna List, as trustee, brought suit against Johnson and the Scoleses, claiming that the Civil Damages Act abolished only “dram shop” liability and that, to the extent it purported to abolish common-law liability, it was unconstitutional. The Ramsey County District Court, finding the Act constitutional, followed its decision in
 
 Wett-schreck
 
 and entered summary judgment, dismissing the complaint against Patrick Scoles. List appeals from that order and judgment.
 

 Has the legislature, by its 1977 amendment of the Civil Damages Act, preempted any action against social hosts who furnish liquor to an intoxicated guest where the guest later causes injury to a third party as a result of being intoxicated? The relevant portion of the Civil Damages Act reads:
 

 INJURIES CAUSED BY INTOXICATION, CIVIL ACTIONS.
 

 Every husband, wife, child, parent, guardian, employer, or other person who is injured in person or property, or means of support, by any intoxicated person, or by the intoxication of any person, has a right of action, in his own name, against any person who, by
 
 illegally selling or bartering intoxicating liquors, caused the intoxication of such person,
 
 for all damages, sustained; and all damages recovered by a minor under this section shall be paid either to such minor or to his parent, guardian, or next friend, as the court directs; and all suits for damages under this section shall be by civil action in any court of this state having jurisdiction thereof. * * *
 

 Minn.Stat. § 340.95 (1980) (emphasis added). The Act had previously read “any person, has a right of action, in his own name, against any person who, by illegally selling, bartering or giving intoxicating liquors, caused the intoxication of such person,” but was amended by the Minnesota legislature in 1977 to delete the words “or giving.” Act of June 2, 1977, c. 390, § 1, 1977 Minn.Laws 887, 887 (hereinafter 1977 Amendment). It is the position of appel
 
 *835
 
 lants and of amicus curiae Minnesota Trial Lawyers Association, that, because “giving” was deleted from the statute, the Civil Damages Act is silent on its face in regard to liability of social hosts and that, therefore, a common-law remedy is available for injury caused by the social host’s wrongful conduct. Respondents contend that all aspects of the liquor industry are pervasively regulated by the legislature and that the Civil Damages Act is intended to preempt the field of all other civil remedies for liquor violations. It is respondents’ position that the legislature intended to remove social hosts from liability of any kind when they passed the 1977 Amendment; therefore, any recovery of damages from social hosts would be contrary to the intent of the legislature.
 

 All parties admit that social hosts were covered by the Civil Damages Act prior to the 1977 Amendment. In 1972, this court decided in
 
 Ross v. Ross,
 
 294 Minn. 115, 200 N.W.2d 149 (1972) that a social host was liable when a third person was injured as a result of the intoxication from illegally furnished liquor. The transcript of the floor debate in the State Senate on the proposed amendment to delete “giving” from the Civil Damages Act clearly shows that the legislators knew of the
 
 Ross
 
 decision, knew what results its application would produce, and purposefully proposed the amendment to change the law so that this court’s interpretation of the Civil Damages Act would no longer be correct.
 

 Cases decided by this court since the 1977 Amendment have uniformly held that the Civil Damages Act provides the exclusive remedy for sale of intoxicating liquor by an in-state vendor.
 
 Robinson v. Lamott,
 
 289 N.W.2d 60, 64-65 (Minn.1979);
 
 Blamey v. Brown,
 
 270 N.W.2d 884, 890 (Minn.1978),
 
 cert. denied,
 
 444 U.S. 1070, 100 S.Ct. 1013, 62 L.Ed.2d 751 (1980). Similarly, cases decided before the 1977 Amendment was effective found that the Civil Damages Act preempted other remedies for illegal sales.
 
 Fitzer v. Bloom,
 
 253 N.W.2d 395 (Minn.1977);
 
 Trail v. Christian,
 
 298 Minn. 101, 213 N.W.2d 618 (1973). These four Minnesota cases differ from the instant cases in that they involve the sale of liquor. The only Minnesota case dealing with gratuitously provided liquor is
 
 Ross,
 
 the case which preceded the 1977 Amendment.
 
 [1]
 

 Commentators who have considered social host liability since the amendment of the Civil Damages Act have written that
 
 Ross
 
 and a similar case in Iowa,
 
 Williams v. Klemesrud,
 
 197 N.W.2d 614 (Iowa 1972), represented a significant departure from traditional dram shop interpretation.
 
 [2]
 
 Since those decisions, the Dram Shop Acts of both states have been amended. “In Minnesota, the dram shop act was amended by the simple but significant removal of the word ‘giving,’ thereby making it clear that the statute applies only to the seller of alcoholic beverages and not to the social host.” Graham,
 
 Liability of the Social Host for Injuries Caused by the Negligent Acts of Intoxicated Guests,
 
 16 Willamette L.Rev. 561, 568 (1980) (footnote omitted).
 
 See also
 
 9 Cumb.L.Rev. 613, 616 n. 23 (1978).
 

 We cannot conclude that the absence of the word “giving” from the Civil Damages Act amounts to legislative silence, which we
 
 *836
 
 said in
 
 Trail,
 
 298 Minn. at 112, 213 N.W.2d at 625, we would “not promote * * * to legislative preemption.” The legislature has been anything but silent; the specific removal of the word “giving” is legislative activity which we interpret here as intent to preempt a Civil Damages Act or common-law remedy against social hosts.
 
 [3]
 
 There was, as the legislature knew, no right of action at common law against social hosts in this jurisdiction, only the statutory cause of action under the Dram Shop Act, which was eliminated with the word “giving.”
 

 Only two jurisdictions have created liability for the social host utilizing a common-law theory of negligence outside of the dram shop acts.
 
 Coulter v. Superior Court of San Mateo County,
 
 21 Cal.3d 144, 577 P.2d 669, 145 Cal.Rptr. 534 (1978);
 
 Wiener v. Gamma Phi Chapter of Alpha Tau Omega Fraternity,
 
 258 Or. 632, 485 P.2d 18 (1971). Both states have since amended their statutes to preclude such a result. 12 Creighton L.Rev. 945, 945 note (1979); 10 Pac.L.J. 95, 108-112 (1978); Graham, 16 Williamette L.Rev. at 582. The majority of jurisdictions deciding the issue have refused to hold social hosts liable for harm caused by intoxicated guests.
 

 The two cases in which this court has recognized common-law actions for liquor violations are distinguishable from the cases at bar. In
 
 Trail
 
 we held that the vendor who sold 3.2 beer to a minor could be liable at common law for the minor’s subsequent tortious conduct. 298 Minn. 101, 213 N.W.2d 618. In
 
 Blarney
 
 we held that a common-law remedy was the only remedy available, since the Civil Damages Act was intended to apply only to Minnesota vendors. 270 N.W.2d 884. In the instant cases we have neither a vendor, a minor, 3.2 beer [not an intoxicating liquor under Minn.Stat. § 340.07 (1980)], nor an out-of-state vendor. Furthermore, we specifically “limit[ed the
 
 Trail
 
 ] opinion to sales of 3.2 beer to minors or those already intoxicated and the ensuing civil liability of the commercial vendor whose sale under these circumstances results in injuries to an innocent third party not a patron of the vendor.” 298 Minn. at 104, 213 N.W.2d at 620 (footnote omitted).
 

 The public policy reasons which underlay our decision in
 
 Ross
 
 are valid still. In the face of the pervasiveness of the legislative regulation of liquor, however, and the legislative actions in regard to social hosts, we cannot find that any common-law liability rests on the social host.
 

 Cole and Pilarski urge as further error the dismissal of their fourth cause of action, that the Noreens knowingly and recklessly created an unreasonable risk of physical harm to others, including Cole and Pilarski, by refusing Bookey’s request to stay in their home until he was no longer intoxicated. Though the facts are, as the trial court noted, somewhat stronger than the facts in the ordinary social host situation, we do not find them such as to distinguish these two cases from other Dram Shop actions and thus provide an independent ground for a common-law negligence action.
 

 The order of the Anoka County District Court in
 
 Cole
 
 and
 
 Pilarski
 
 is affirmed.
 

 The orders of the Ramsey County District Court in
 
 Wettschreck
 
 and
 
 List
 
 are affirmed.
 

 SCOTT and KELLEY, JJ. took no part in the consideration or decision of these cases.
 

 [1]
 

 . The statute imposing criminal penalties for the provision of of liquor, including gratuitously, to minors, intoxicated persons or public prostitutes, remains unchanged. Minn.Stat. § 340.73 (1980).
 

 [2]
 

 . Both cases involved minors illegally provided with liquor, as do a large number of dram shop cases. Citations of other similar cases are collected at 10 Pac.L.J. 95, 99 n. 38 (1979). Some courts have denied recovery to third parties injured by an adult who drank alcoholic beverages while allowing recovery when the drinker was a minor.
 
 See
 
 citations at 12 Creighton L.Rev. 945, 953 n. 51 (1979); 10 Pac.L.J. 95, 99 n. 38 (1979). Depending on the breadth of the statute, the plaintiff may or may not be in the class the statute was intended to protect. The Oregon Supreme Court held in
 
 Wiener v. Gamma Phi Chapter of Alpha Tau Omega Fraternity,
 
 258 Or. 632, 638, 485 P.2d 18, 21 (1971), that a third party injured by an intoxicated minor could not recover under the minor liquor control statute because the third parties were not in the group the statute was intended to protect. The cases under consideration by this court do not involve a minor or the statute in regard to minors.
 

 [3]
 

 . Our decision in
 
 Wegan v. Village of Lexington,
 
 309 N.W.2d 273 (Minn.1981), declaring the notice provisions and statute of limitations of the Civil Damages Act unconstitutional, has no impact on our decision in the cases at bar.