Jody WALKER, individually and as the
Trustee for the Heirs of David E.
Walker, Respondent,

v.

John William KENNEDY, Appellant.

No. C8–83–178.

Supreme Court of Minnesota.

Sept. 23, 1983.

Barry G. Vermeer, Gislason, Dosland,
Hunter & Malecki, New Ulm, for appellant.

Mark E. Todd, St. Paul, for respondent.

AMDAHL, Chief Justice.

The trial court denied a motion for summary judgment brought by defendant John Kennedy and issued an order, pursuant to a stipulation for appeal, that the issues presented by defendant's motion for summary judgment are important and doubtful and should be reviewed by this court. The issues raised are whether the Minnesota social host rule applies to the case at bar and whether the defendant negligently allowed or failed to prevent Peggy Kennedy from providing the facilities for a party at which minors would be present and consuming alcohol. We reverse and remand with an instruction to enter summary judgment for defendant.

Defendant John Kennedy and his wife had a practice of taking an annual 6–8 week trip to Arizona. In 1980, they left their minor daughter Peggy, 16 years old in January of 1980, in the care of Marianne Kennedy, an older daughter who was 21 years old in January of 1980. Although prohibited, over the years all three of the Kennedy daughters have hosted parties during their parents' annual absence.

On the evening of Friday, January 25, 1980, while their parents were in Arizona, Marianne gave Peggy permission to have eight to ten friends at the house. Although Marianne knew that minors would be present at the party, she did not inquire whether liquor would be consumed. All of the liquor consumed at the party was brought by the guests; no liquor was provided by Peggy or Marianne.

Several people not invited by Peggy were present at the party, including 17-year-old Patrick Welin. During the 5 hours preced-

ing his arrival at the party at 11 p.m., Welin had consumed four to six strong beers and four glasses of wine. He may have had one or two beers, which he brought, while at the Kennedy residence.

At approximately 12:30 a.m. on January 26, 1980, Welin left the party to pick up his brother. He was returning to the party at about 1 a.m. when he lost control of his car as the result of a sudden application of the brakes to avoid passing the Kennedy residence. His car slid into a ditch across from the Kennedy driveway. Shortly after Welin left the car to get help from those present at the party, David Walker, who was operating a snowmobile, collided with the stranded automobile. Walker was instantly killed as a result of the injuries suffered from the collision. Approximately 40 minutes after the collision, the decedent had a blood alcohol level of .26 gm/dl, and Welin's blood alcohol level 2½ hours after the accident was .11 gm/dl.

It is unnecessary for this court to decide whether the Minnesota case law that insulates a social host from liability for damages and injuries inflicted by an intoxicated guest is applicable when the guest is a minor, as urged by plaintiff-respondent. *See generally* Annot., 97 A.L.R.3d 528 (1980).

■ An essential element for social host liability is that the guest is "given or furnished" alcoholic beverages by the person from whom recovery is sought. *See, e.g.,*

*Linn v. Rand,* 140 N.J.Super. 212, 217, 356 A.2d 15, 18 (1976); *Wiener v. Gamma Phi Chapter of Alpha Tau Omega Fraternity,* 258 Or. 632, 643, 485 P.2d 18, 23 (1971). Since it is undisputed that Welin was not "given or furnished" liquor by any member of the Kennedy family, social host liability is inappropriate in the present case, regardless of the fact that Welin was a minor.

■ Plaintiff also contends that because intoxicated minors pose a serious threat to society, defendant negligently allowed or failed to prevent Peggy from hosting a party at which minors would be consuming alcohol. Plaintiff alleges a special relationship existed between Peggy and defendant that imposed a duty upon defendant to control Peggy's conduct. *See* Restatement (Second) of Torts §§ 315–19 (1980).[1] Plaintiff's argument fails because in the cases in which this court has imposed liability for negligent failure to control the conduct of a third person, the injury was caused by the third person. *See, e.g., Republic Vanguard Insurance Co. v. Buehl,* 295 Minn. 327, 332, 204 N.W.2d 426, 429 (1973). In the present case, it was the conduct of a party with whom defendant did not have a special relationship that caused the injury.[2]

Reversed and remanded.

SCOTT, Justice (concurring specially).

While I am in agreement with the result arrived at by the majority opinion, I must

1. Section 315, Restatement (Second) of Torts, provides:

    There is no duty so to control the conduct of a third person as to prevent him from causing physical harm to another unless (a) a special relation exists between the actor and the third person which imposes a duty upon the actor to control the third person's conduct * * *.

    Comment c to section 315 notes that the "special relationships" are stated in sections 316–319. The relationships are that of parent-child, master-servant, owner-licensee and person in charge of another with dangerous propensities.

2. In the same order the trial court denied John Kennedy's motion for summary judgment, it granted plaintiff's motion to amend the complaint to include Marianne Kennedy as a de-

fendant. Plaintiff claims that Marianne Kennedy negligently failed to prevent the party and negligently allowed Patrick Welin to drive while intoxicated. The issue of Marianne's negligence was not a part of the summary judgment motion and, therefore, is not before this court.

We will briefly note two considerations that concern the issue of Marianne's negligence. First, there is no special relationship between Marianne and Welin that would impose a duty upon Marianne to control Welin's conduct. Second, contrary to plaintiff's allegation, a propensity to provide a location for parties, at which alcohol may be consumed by minors, does not constitute a dangerous propensity as contemplated by section 319 of the Restatement. *See* Restatement (Second) of Torts § 319, comment a (1965).

respectfully disagree with its reasoning. The majority seems to imply that if Patrick Welin had been given or furnished alcoholic beverages by the Kennedys or if a "special relationship" had existed the defendant may have been found liable for plaintiff's injuries. Under either theory the ultimate negligent act must be based upon allowing Patrick Welin to drink alcoholic beverages in the Kennedy home. The Civil Damages Act provides the exclusive remedy for injuries resulting from the illegal sale or barter of intoxicating liquors and preempts the field of remedies. A social host cannot be liable under the Civil Damages Act. As we stated in *Cole v. City of Spring Lake Park*, 314 N.W.2d 836, 840 (Minn.1982), "the specific removal of the word 'giving' is legislative activity which we interpret here as intent to preempt a Civil Damages Act or common-law remedy against social hosts." Thus, the majority's statement that liquor was not given or furnished is correct, but is misleading. This case should be decided upon the exemption of social hosts from liability under the Civil Damages Act.

SIMONETT, Justice (concurring specially).

I join in Justice Scott's concurrence.

KELLEY, Justice (concurring specially).

I join in Justice Scott's concurrence.

COYNE, Justice (concurring specially).

I join in Justice Scott's concurrence.