Joanne E. MEANY, Appellant,

v.

Mary C. NEWELL, et al., Respondents,

Mandat Bros., Inc., etc., Respondent,

Western Surety Company, Respondent,

The Estate of Preston J. Cortright, etc., Respondent,

Cardinal IG Company, Respondent,

Monica Louise Houle, et al., Respondents.

No. C7–84–523.

Court of Appeals of Minnesota.

July 24, 1984.

Brad C. Eggen, Minneapolis, for appellant.

Timothy W. Waldeck, Minneapolis, for respondent Mandat Bros. Inc. etc.

Michael S. Kreidler, Minneapolis, for respondent Cardinal IG Co.

Heard, considered and decided by PARKER, Presiding Judge, FORSBERG, Judge, and CRIPPEN, Judge.

## OPINION

PARKER, Judge.

Joanne Meany appeals from summary judgment dismissing Cardinal IG Co. from a personal injury action. Cardinal had provided alcohol to its employees at a Christmas party. One of the employees, Preston Cortright, became intoxicated and was later involved in an accident with the car in which Meany was a passenger. Cortright was killed in the accident. Meany contends that the trial court erred in granting summary judgment on the grounds that (1) Cardinal is liable in negligence because an employer has a duty under the common law to control the actions of an employee who consumes intoxicating beverages on the employer's premises; (2) Cardinal is liable under the Civil Damages Act; (3) Cardinal is liable in negligence for violation of Minn. Stat. § 340.73 (1982); and (4) summary judgment was premature because depositions of key witnesses had not been taken. We reverse.

## ISSUES

1. Is an employer, who provides intoxicating beverages to an employee who becomes dangerously intoxicated on the employer's premises, liable in negligence for damages caused by the employee?

2. Is an employer, who provides intoxicating beverages to a dangerously intoxicated employee, liable under the Civil Damages Act, Minn.Stat. § 340.95 (1982)?

3. Is an employer, who provides intoxicating beverages to a dangerously intoxicated employee, liable in negligence for violation of Minn.Stat. § 340.73 (1982), which prohibits providing alcohol to obviously intoxicated persons?

4. Was summary judgment appropriate nine months after the action was started and witness depositions had not yet taken place?

## FACTS

On December 23, 1981, Joanne Meany and Mary Newell were both seriously in-

jured when a truck driven by Preston Cortright crossed the center line of Highway 55 at the intersection of Tamarack Street in Medina and struck Newell's car. Cortright was killed in the accident.

Cortright had worked for about two months as a quality assurance manager at Cardinal IG Co., a manufacturer and distributor of sealed insulating glass. Immediately before the accident Cortright had been drinking at a Christmas party at Cardinal's plant. The medical examiner found that his blood-alcohol level was .22 percent.

For purposes of summary judgment, Cardinal conceded that the following additional facts were true: Cortright usually worked the night shift, and he was working the night of the Christmas party. At about 11:00 p.m. the plant shut down for the party, which lasted until about 12:30 a.m. on December 23. Cardinal provided food and alcoholic beverages to Cortright and other employees, even after Cortright became extremely intoxicated. When Cortright left the premises at about 12:30 a.m., Cardinal knew he was dangerously intoxicated. The accident occurred on his way home.

## DISCUSSION

### I

 Appellant urges this court to distinguish between social and business hosts as a basis for imposing liability on Cardinal. She relies on *Chastain v. Litton Systems, Inc.*, 694 F.2d 957 (4th Cir.1982), *cert. denied,* ── U.S. ──, 103 S.Ct. 2454, 77 L.Ed.2d 1334 (1983). In that case a federal court interpreted North Carolina law to hold an employer liable after providing employees with alcohol at a Christmas party. North Carolina had no dram shop legislation and did not hold social hosts liable under the common law. The court said:

> [A]ssuming it is not a social host, we conclude that Litton was negligent if it failed to exercise ordinary care in furnishing, or permitting its employees to furnish, alcoholic beverages to [the employee] knowing that he had become in-

toxicated. * * * This negligence would be a proximate cause of [the collision] if Litton could have reasonably foreseen that [the employee], while intoxicated would probably drive his motor vehicle on a public street and cause a collision. * * * Under these circumstances, Litton would not be insulated by [the employee's] negligence.

*Id.* at 962. Whether Litton was acting as a social host or a business host was a question of fact for the jury. *Id.* at 960. The North Carolina courts subsequently agreed with the Fourth Circuit's analysis. *See Hutchens v. Hankins*, 63 N.C.App. 1, 303 S.E.2d 584, 587 n. 2 (1983); *Freeman v. Finney*, 65 N.C.App. 526, 309 S.E.2d 531, 535 (1983).

Although we think this is an interesting approach to the problem of social host liability, it has no support in the law of our state. Therefore, there was no genuine issue of material fact, and the trial court did not err in applying the law when it granted summary judgment on this basis. *See Betlach v. Wayzata Condominium*, 281 N.W.2d 328 (Minn.1979).

The Minnesota Supreme Court has indicated in recent cases that some special relationships can support a negligence action against a provider of intoxicating beverages. In *Walker v. Kennedy*, 338 N.W.2d 254 (Minn.1983), a majority of the court implied that in some circumstances a negligence action would be allowed. In that case the defendants had not provided the alcohol, so "[a]n essential element for social host liability" was missing. *Id.* at 255. Furthermore, the "special relationship" that might provide the liability (described in the Restatement (Second) of Torts §§ 315–19 (1965)) was not present. *Id.*

In *Olson v. Ische*, 343 N.W.2d 284 (Minn. 1984), the court again implied that some special relationships can impose liability:

> We hold that a passenger has no duty to members of the public to control the operation of a motor vehicle by its intoxicated owner, where, as * * * here, *there is no special relationship between the*

*driver-owner and the passenger. Perhaps there may be instances where such a duty would arise,* but this case is not one of them.

*Id.* at 288 (emphasis added).

We note further that in *Cady v. Coleman,* 315 N.W.2d 593 (Minn.1982), the court did not address the question of whether a negligence action would be allowed against an employer who provides intoxicating beverages. In that case the plaintiffs sought to impose liability solely under the Civil Damages Act, apparently because the employer was not negligent.

The special relationships described in the Restatement are parent-child, master-servant, land possessor-licensee, and custodian of a person with dangerous propensities. Section 317 describes the master's duty to control the conduct of a servant:

A master is under a duty to exercise reasonable care so to control his servant *while acting outside the scope of his employment* as to prevent him from intentionally harming others or from so conducting himself as to create an unreasonable risk of bodily harm to them, if

(a) the servant

(i) is upon the premises in possession of the master or upon which the servant is privileged to enter only as his servant, or

(ii) is using a chattel of the master, and

(b) the master

(i) knows or has reason to know that he has the ability to control his servant, and

(ii) knows or should know of the necessity and opportunity for exercising such control.

(Emphasis added).

We think the facts of this case fit within § 317. Cortright was consuming intoxicating beverages on Cardinal's premises during working hours when Cardinal had the ability to control him, and Cardinal knew of the necessity and opportunity to keep him from driving.

Comment b to this section states that the employer has no duty to control the employee's conduct outside the master's premises. We think this issue is more appropriately cast in terms of causation. In the case where an employer provides a dangerously intoxicated employee with alcohol on the employer's premises, the negligent act may well be complete on the premises, but the injury is not likely to occur until the employee leaves. The question of whether the chain of causation is complete or has been broken at the time of injury is for the jury.

In short, we are persuaded that Minnesota law will support a direct negligence action against an employer who provided intoxicating beverages to an intoxicated employee on the employer's premises. The facts of this case demonstrate much more than negligent supervision on Cardinal's part. We are satisfied that an employer's position of authority over employees sufficiently distinguishes it from the normal social host situation and accordingly calls for increased responsibility. We therefore hold that the trial court erred in granting summary judgment for Cardinal on this count.

## II

■ The Civil Damages Act provides, in relevant part:

Every * * * person who is injured * * * by an intoxicated person or by the intoxication of any person has a right of action * * * against any person who, by illegally selling or bartering intoxicating liquors, caused the intoxication of that person * * *.

Minn.Stat. § 340.95 (1982).

The Minnesota Supreme Court has not applied the Act to social hosts but has restricted its application to commercial vendors of intoxicating beverages. *See Cole v. City of Spring Lake Park,* 314 N.W.2d 836 (Minn.1982); *Cady v. Coleman,* 315 N.W.2d 593 (Minn.1982). *See also Holmquist v. Miller,* 352 N.W.2d 47 (Minn.Ct. App.1984).

Appellant argues that Cardinal did not "give" the alcohol to Cortright, but that the alcohol was bartered-for consideration between Cardinal and its employees. According to appellant, this takes Cardinal out of "social host" status and brings it within coverage of the Act. This view is contrary to the court's statement of the law in *Cady v. Coleman.* There the court said:

> *"Any person" who sells or barters liquor means a person in the business of providing liquor,* and not a social host who happens to receive some consideration from his guests in return for drinks he provides.

*Id.* at 596 (emphasis added). We therefore hold that the trial court was correct in ruling that appellant has no cause of action under the Civil Damages Act and that Cardinal was entitled to summary judgment on this count.

### III

In *Holmquist v. Miller,* 352 N.W.2d 47, (Minn.Ct.App.1984), this court allowed a negligence action based on violation of Minn.Stat. § 340.73 (1982), which makes it a crime for any person to provide liquor to a minor, and distinguished that case from *Cole, supra,* and *Cady, supra.* The applicability of that section as a basis for liability in this case is, we believe, in considerably more doubt.

Inasmuch as we have, in section I of this opinion, delineated a sufficient liability basis for trial on the merits, we find it unnecessary to consider the trial court's ruling granting summary judgment to respondent Cardinal on appellant's claim based on violation of Minn.Stat. § 340.73 (1982).

### IV

The record shows that plaintiffs commenced this action in December 1982. Cardinal moved for summary judgment in March 1983. That motion was denied pursuant to Rule 56.06, Minn.R.Civ.P., on the ground that summary judgment was premature because Cardinal had not complied with discovery requests. Cardinal re-noticed its motion in August 1983, and the trial court then granted summary judgment in Cardinal's favor.

At the August hearing appellant submitted non-sworn statements from 16 persons who observed Cortright at the party. Appellant offered no reason why, if these statements were essential to provide an issue of material fact, depositions or statements had not been taken during the previous nine months. Appellant had a reasonable time to conduct this discovery. Since the statements were not sworn, neither the trial court nor this court could consider them. However, Cardinal conceded the most crucial facts for the purposes of summary judgment. Under these circumstances, summary judgment was not premature.

### DECISION

Minnesota law will support a direct negligence action against an employer who provides an intoxicated employee with intoxicating beverages on the employer's premises. However, the Civil Damages Act applies only to commercial vendors of intoxicating beverages. Summary judgment was not premature when appellant had nine months to obtain depositions of witnesses and respondent had conceded the most crucial facts.

Reversed.

FORSBERG, Judge, Dissenting.

I respectfully dissent. In *Cole v. City of Spring Lake Park,* 314 N.W.2d 836 (Minn. 1982), the court held that the legislature by its 1977 Amendment of the Civil Damages Act preempted a common law cause of action against a social host who furnishes liquor to an intoxicated guest. The court distinguished other cases which recognized common law actions for liquor violations on the basis that those cases involved a commercial vendor. This is clearly not the instant case where an employer furnished, rather than sold, liquor to employees at a Christmas office party.

Moreover, in *Cady v. Coleman,* 315 N.W.2d 593 (Minn.1982), the court held that a law firm was not liable under the dram shop act for liquor violations for liquor furnished to its clients. Again, the court emphasized that it was the legislature's intent to restrict liability only to commercial vendors.