Gerald W. HOLMQUIST and Helen Holmquist, Respondents,

v.

Gerald, Harold and Agnes MILLER, Appellants.

and

Scott Thomas HEMINGSON, Appellant,

v.

Michael Alan KNUTSON, et al., Plaintiffs in Intervention, Respondents,

v.

James GABBERT, Respondent.

and

Russell KNUTSON, Appellant,

v.

Barry BARBER, et al., Defendants,

James Gabbert, Respondent.

Nos. C7-83-1919, C7-84-84 and CX-84-371.

Supreme Court of Minnesota.

May 3, 1985.

John P. Lommen, Kay Nord Hunt, Minneapolis, for James Gabbert.

Anthony S. Downs, Steven W. Schneider, Duluth, for Millers.

George G. Eck, Minneapolis, for Scott Hemingson.

Michael Orman, Duluth, for Gerald and Helen Holmquist.

Thomas G. Johnson, Willmar, for Knutson.

Stephen S. Eckman, Minneapolis, for Minnesota Trial Lawyers Assn.

SCOTT, Justice.

This appeal involves a consolidation of three cases arising from accidents which occurred after a minor had been served alcohol by a social host. Petitioner James Gabbert seeks further review of a Minnesota Court of Appeals reversal of the trial court's order for summary judgment in two of the cases. Petitioners Gerald, Harold and Agnes Miller seek review of the answers of the Minnesota Court of Appeals to questions certified to it by the trial court. The appellate court held that the Civil Damages Act, Minn.Stat. § 340.95 (1984), does not insulate a social host from a common-law negligence action for furnishing intoxicating liquor to a minor in violation of Minn.Stat. § 340.73 (1984), which prohibits the selling or furnishing of liquor to a minor. *See Holmquist v. Miller*, 352 N.W.2d 47 (Minn.App.1984). We reverse.

The facts in *Hemingson v. Knutson v. Gabbert* (C7–84–84) and *Knutson v. Barber v. Gabbert* (CX–84–371) are these: Barry Barber, a minor, was visiting his sister and brother-in-law, Christie and James Gabbert, both adults, near Wood Lake, Minnesota, at approximately 6:00 p.m. on June 30, 1982. After Barry arrived, he and James drove in to town to buy a twelve-pack of beer. James knew Barry was a minor, but nevertheless accepted $2.00 from him toward the purchase of the beer.

After returning to the Gabbert home, Barry drank six "strong" beers during his approximately four-hour stay. Barry left the Gabbert's home at about 10:00 p.m. At 10:35 p.m., Barry's car collided head-on with an automobile driven by Michael Knutson, in which Scott Hemingson and Russell Knutson were passengers. Hemingson and Russell Knutson brought separate actions for their injuries against Gabbert, which were consolidated at the district court level. They alleged that Gabbert illegally sold/bartered intoxicating liquor under Minn.Stat. § 340.95; that Minn. Stat. § 340.73 created an implied cause of action in their favor; and that Gabbert was negligent in allowing Barber to operate a motor vehicle while intoxicated.

Gabbert moved for summary judgment in both cases on the basis that Knutson and Hemingson did not have a civil remedy against Gabbert, a social host. Gabbert's motions were granted. The court determined that the plaintiffs' exclusive remedies were under the Civil Damages Act, and found that the Civil Damages Act preempts any civil cause of action against a social host. Hemingson and Russell Knutson appealed to the court of appeals, where the case was consolidated with *Holmquist v. Miller* (C7–83–1919).

*Holmquist* involved the following facts: On January 15, 1983, a party was held by Gerald Miller, a minor, at the home of his parents, Harold and Agnes Miller. All present at the party except one, not involved in this action, were minors. Barbie Jo Holmquist, then 17, attended the party with Kevin Shimmen. Respondents Holmquist allege that Harold and Agnes Miller were at home and were at all times aware of the party. While at the party, Shimmen and Barbie Jo consumed liquor. It is alleged that Mrs. Miller was aware of the

existence and availability of beer in the home. Gerald Miller provided the alcoholic beverages to Barbie Jo. Shimmen left the party at about 11:15 with Barbie Jo as a passenger in his car. While he was driving along the freeway, Barbie Jo fell out of the car. Shimmen continued to drive on. As a result of injuries she suffered in the fall and her exposure to subfreezing temperatures, Barbie Jo lapsed into a coma at the hospital and subsequently died. Respondents Gerald and Helen Holmquist, parents of Barbie Jo, in their proper representative capacity brought this action against the Millers, Shimmen and his parents, and the East End Bottle Shop of Duluth.[1] They alleged that the Millers either knew or should have known about the party and that they were under a duty to be aware of the actions of the minor children in their home.

The Millers moved for summary judgment. The motion was denied, but the trial court certified the following three issues to the court of appeals.

(1) When an adult furnishes, or permits to be furnished, alcoholic beverages to a minor in the home of the adult, is the adult immune from all civil liability and responsibility for damages caused to others by the actions of the intoxicated minor?

(2) Does a violation of the provisions of M.S.A. 340.73, which prohibits the giving of liquor to a minor, and which defines such act as a sale, permit a civil suit against the adult who violates that statute, under M.S.A. 340.95?

(3) What effect do the amendments of March 23, 1982, to M.S.A. 340.73 have on the responsibility of a social host who furnishes liquor to a minor, in view of the cases of *Cole v. City of Spring Lake Park*, 314 N.W.2d 836 (Minn.1982), and *Walker v. Kennedy*, 338 N.W.2d 254 (Minn.1983)?

The court of appeals found that the Civil Damages Act, Minn.Stat. § 340.95, does not preempt the field of liquor liability law, and that a common-law negligence action based on violation of Minn.Stat. § 340.73, furnishing liquor to a minor, may be brought. Therefore, to decide this case, we must answer the following question:

Does the Civil Damages Act prevent the institution of a common-law negligence action for the furnishing of alcoholic beverages to a minor by a social host?

At common law, no cause of action existed against one who furnished, whether by sale or gift, intoxicating liquor to a person who became voluntarily intoxicated and consequently injured another. *See Rappaport v. Nichols*, 31 N.J. 188, 156 A.2d 1 (1959). All states have now enacted Civil Damage Acts in order to hold commercial vendors of alcohol liable for the torts of their intoxicated patrons. It seems imperative that a brief history of Minnesota's Civil Damages Act be recited to better understand its application today. The closest predecessor of the current Act provided:

> Every * * * person, who shall be injured * * * by any intoxicated person, or by the intoxication of any person, shall have a right of action * * * against any person, who shall be illegally selling, bartering, or giving intoxicating liquors, have caused the intoxication of such person * * *.

Act of April 18, 1911, c. 175, 1911 Minn. Laws 221 (current version at Minn.Stat. § 340.95 (1984)).

The first opportunity for this court to discuss social host liability came in 1972. In *Ross v. Ross*, 294 Minn. 115, 200 N.W.2d 149 (1972), we held that by virtue of the words of the statute the legislature intended to impose liability on a social host for damages occurring to a third person after a guest became intoxicated. That remained the law in Minnesota until 1977. In that year, the legislature deleted the words "or giving" from the statute. This rendered the *Ross* decision ineffective. Act of June 2, 1977, c. 390, § 1, 1977 Minn.Laws 887.

---

**1.** This review involves only the rights of the petitioners against defendants Miller and does not involve their right of action against other named defendants.

In 1973 this court, in its decision of *Trail v. Christian*, 298 Minn. 101, 213 N.W.2d 618 (1973), allowed a common-law cause of action against a commercial vendor furnishing non-intoxicating malt liquors (3.2 beer) to minors or intoxicated persons whose subsequent tortious negligence caused injury to a third party. Our reasoning was based upon the fact that the Civil Damages Act clearly covered only intoxicating liquors, and therefore preempted that field, but not the area of non-intoxicating malt liquor (3.2 beer). In 1982, the legislature added the words "or non-intoxicating malt liquors" to the Civil Damages Act. Act of March 22, 1982, c. 528, § 7, 1982 Minn.Laws 978. This language eliminated the effectiveness of *Trail*.[2] Therefore, at the time of the accidents giving rise to the instant actions, and as of today, our decisions in both *Ross* and *Trail* have been rendered ineffective by acts of the legislature. We recognized this in *Cole v. City of Spring Lake Park*, 314 N.W.2d 836, 840 (1982), and stated:

> The public policy reasons which underlay our decision in *Ross* are valid still. In the face of the pervasiveness of the legislative regulation of liquor, however, and the legislative actions in regard to social hosts, we cannot find that any common-law liability rests on the social host.

One month later, in *Cady v. Coleman*, 315 N.W.2d 593, 595 (1982), we said: "We hold in this case that the legislature intended to insulate social hosts from liability regardless of the terms under which they provide their guests with liquor." Thus, it is clear from legislative and case history that the Civil Damages Act preempts a cause of action against a social host for negligently serving alcohol, whether it be to an adult or to a minor who subsequently injures a third party, and Minn.Stat. § 340.73 does not revive this dead issue. *See* the companion case of *Meany v. Newell*, 367 N.W.2d 472 (Minn. 1985), released today.

The respondents argue that *Walker v. Kennedy*, 338 N.W.2d 254 (Minn.1983), and language from other cases indicates that there is still a common-law action available against a social host in such a situation. In *Walker*, this court declined to decide whether Minnesota cases that insulate a social host from liability for damages inflicted by intoxicated guests were applicable under the factual setting of that case. *Id.* at 255. We merely said that the facts were clear that the minor involved was not served at all by the "social host," and therefore we need not discuss that issue. Reliance upon *Walker* as suggesting that a common-law action in this situation be allowed is misplaced.[3]

The respondents advance a number of social policy arguments in favor of imposing liability on social hosts. Hemingson and Knutson specifically detail a number of statistics relevant to the number of teenage vehicle accidents related to alcohol. The court of appeals also was compelled by the implications of this problem and found that social policy dictates that individuals who procure alcohol for minors should be held liable for damages caused by the intoxicated minors. The court of appeals stated:

> Imposing civil liability discourages the illegal furnishing of liquor to minors; thus, it serves to promote our strong public policy of preventing our youth from causing senseless damage to themselves and the public.

*Holmquist*, 352 N.W.2d at 52. No one would seriously disagree with this, or suggest that minors should be encouraged to drink illegally, or not be protected from drinking alcohol. We incorporated that policy in both *Ross* and *Trail*, only to have

---

**2.** Since *Trail* has been rendered impotent, any reference in *Fitzer v. Bloom*, 253 N.W.2d 395 (Minn.1977), to the common-law action prompted by *Trail* is now irrelevant.

**3.** The theory expressed in *Blamey v. Brown*, 270 N.W.2d 884 (Minn.1978), *cert. denied*, 444 U.S. 1070, 100 S.Ct. 1013, 62 L.Ed.2d 751 (1980), whatever its effectiveness today, had its own unique setting that is not material in any way to this case.

their full impact nullified by legislative amendments.

Under the history recited above, a serious question arises now as to whether the Minnesota judicial branch presents a proper forum to be called upon to make a decision such as was rendered by the court of appeals in this matter. As was pointed out in *Halvorson v. Birchfield Boiler, Inc.*, 76 Wash.2d 759, 765, 458 P.2d 897, 900 (1969):

> It may be that the social and economic consequences of "mixing gasoline and liquor" should lead to a rule of accountability by those who furnish intoxicants to one who becomes a tortfeasor by reason of intoxication, but such a policy decision should be made by the legislature after full investigation, debate and examination of the relative merits of the conflicting positions.

As to the issues involved, none of the parties disagree with the court of appeals' holding that there is no cause of action against a social host under the Civil Damages Act. Relative to *Hemingson* and *Knutson*, neither party disputes the fact that Barry Barber's familial relationship to James Gabbert did not establish any special duties. In *Holmquist*, neither side disagrees with the court of appeals' finding that the amendments of March 23, 1982, to Minn.Stat. § 340.73 had no effect on the issues before that court. We agree with the findings, and see no reason to discuss them further.

To reiterate, the issue squarely before this court requires a holding that a social host is not liable in a common-law action for negligently serving alcohol to a minor, and we so hold. In Minnesota, the field is preempted by the Civil Damages Act.

Reversed.