**Charlotte STEVENS, et al., Appellants,**

v.

**Gregory J. THIELEN, Jr., et al.,
Respondents.**

**No. C4-86-631.**

Court of Appeals of Minnesota.

Oct. 28, 1986.

Review Denied Dec. 23, 1986.

Keith D. Johnson Wold, Jacobs & Johnson, P.A. Minneapolis, Appellants.

Thomas L. Garrity, Steven L. Marquart, Cahill, Jeffries & Maring, P.A. Moorhead, respondents.

Walter E. Sawicki, Jr., Maplewood, for amicus curiae, Minnesota Trial Lawyers Assn.

Heard, considered, and decided by FORSBERG, P.J., and FOLEY and LANSING, JJ.

## OPINION

FOLEY, Judge.

This appeal is from a grant of summary judgment to respondents Lawrence and Betty Crane (husband and wife) and their minor daughter Karen Crane, in an action arising out of the death of Craig D. Stevens, who was also a minor. The trial court determined that there was no reason for delay and directed entry of judgment

under Minn.R.Civ.P. 54.02. Appellants Charlotte and Wade Stevens (individually) and Charlotte Stevens (as trustee for the heirs of Craig D. Stevens and as mother and natural guardian of his minor siblings) contend that the trial court erred in determining that the Civil Damage Act preempts a cause of action based on an adult's negligent planning, permitting, holding, allowing and/or supervising of a party at which minors are furnished intoxicating beverages. We affirm the trial court's grant of summary judgment to the Cranes.

## FACTS

The facts are not in dispute. Karen Crane was granted permission by her parents to have a sixteenth birthday party on December 12, 1981 at a quonset hut located on the Crane's property. Karen Crane planned the party and her father supplied two kegs of strong beer. Lawrence and Betty Crane did not attend or supervise the party, nor were any other parents present.

Karen Crane charged and collected money from those wishing to drink beer. The party was attended by minors ranging in age from 14 to 18 and by adults ranging in age from 19 to 21. Craig Stevens arrived at the party at approximately 8 p.m. with two friends. One borrowed $5 and used the money to pay for himself and Craig Stevens.

During the course of the evening, Craig Stevens drank beer and became extremely intoxicated. He was belligerent and argumentative, and fought with several other partygoers who forced him to leave the party on foot at about 12:45 a.m. He walked alone down the Crane driveway and onto a two-lane highway. About 500 feet from the Crane residence, he was struck and killed by motor vehicles driven by Gregory Thielen and Richard Goecke. Analysis of a blood sample taken from Craig Stevens after the accident revealed he had a blood alcohol concentration of .18.

An action was commenced against Thielen and Goecke, the drivers of the vehicles which struck Craig Stevens, and against the Cranes. This appeal follows the grant of summary judgment to the Cranes and involves only the Stevens' rights against the Cranes; the action against the drivers is still pending before the trial court.

## ISSUE

Does the Civil Damage Act preempt a cause of action based on allegations of negligent supervision or failing to aid and protect a minor who becomes intoxicated after being furnished alcohol by a social host and who is forcibly ejected from the premises?

## ANALYSIS

The Civil Damage Act (Act) provides the exclusive remedy for injuries resulting from the illegal sale or barter of intoxicating liquors and preempts the field of remedies. Minn.Stat. § 340.95 (1980). Based on the legislative and case history of the Act, the supreme court has consistently indicated that a social host cannot be held liable under the Act "for negligently serving alcohol, whether it be to an adult or to a minor who subsequently injures a third party, and Minn.Stat. § 340.73 does not revive this dead issue." *Holmquist v. Miller*, 367 N.W.2d 468, 471 (Minn.1985).

The Stevens' cause of action against the Cranes contains three counts: (1) a violation of Minn.Stat. § 340.95, based upon the selling or furnishing of intoxicating liquors to a minor; (2) common law negligence of the Cranes in furnishing intoxicating liquors to a minor in violation of Minn.Stat. § 340.73; and (3) negligence in planning, permitting, holding, allowing and/or supervising a party at which intoxicating liquors were furnished to minors. On appeal, the Stevens concede that the trial court properly ruled that the first two counts of their complaint are precluded by *Holmquist*. Their only contention is that the third count remains viable because it alleges a cause of action grounded in negligence under the wrongful death statute and is separate and distinct from the Act.

The Stevens and the amicus curiae argue that adults should not be relieved from all

liability when they furnish alcohol to minors and that a limited duty still exists to supervise and protect minors when. alcohol is furnished to them. They argue that a special relationship was created when the Cranes affirmatively and voluntarily invited Craig Stevens into their home, when without supervision they furnished him alcohol, and when (knowing of his intoxicated condition) they failed to protect him and acquiesced in his forcible ejection.

The cases cited by the Stevens in support of their position do not involve the liability of social hosts under the Act. *See Regan v. Stromberg*, 285 N.W.2d 97 (Minn.1979) (husband who leaves intoxicated wife on a highway at night has a continuing duty to protect her from foreseeable harm if she is under a disability and if he is "in charge" of her); *Depue v. Flatau*, 100 Minn. 299, 111 N.W.1 (1907) (where invitee becomes disabled or ill while on premises, landowner owes invitee duty to exercise reasonable care and to not expose him to further danger by sending away unattended). Other cases discussing special relationships and duties owed intoxicated persons do not involve social hosts who have furnished the alcohol and offer little guidance. *See Walker v. Kennedy*, 338 N.W.2d 254, 255 (Minn.1983) (no duty arose where injury caused by conduct of intoxicated third party, with whom defendant had no special relationship); *Olson v. Ische*, 343 N.W.2d 284, 288 (Minn.1984) (absent special relationship between intoxicated driver-owner and passenger, passenger owed no duties to public to control operation of vehicle); *cf. Hoffman v. Wiltscheck*, 379 N.W.2d 145 (Minn.Ct.App.1985) (after discussing possible liability under the Act and liability based on some sort of special relationship, it was nevertheless determined that no duty was owed to an intoxicated person injured after leaving a farm by either the landowner or the organizers of a hayride).

Theories of liability similar to that advanced by the Stevens have been unsuccessfully asserted against social hosts by injured third parties. In *Cole v. City of Spring Lake Park*, 314 N.W.2d 836 (Minn. 1982), Cole and Pilarski were injured when the vehicle in which they were riding collided with another vehicle driven by Bookey. Prior to the accident, Bookey had been furnished liquor at the home of the Noreens, his sister and brother-in-law. When Bookey became loud and argumentative his sister asked him to leave, even though he had asked to stay and she knew he was intoxicated.

The supreme court concluded that "[i]n the face of the pervasiveness of the legislative regulation of liquor, * * * and the legislative actions in regard to social hosts, we cannot find that any common-law liability rests on the social host." *Id.* at 840. As to a claim similar to the one made here, the supreme court noted:

> Cole and Pilarski urge as further error the dismissal of their fourth cause of action, that the Noreens knowingly and recklessly created an unreasonable risk of physical harm to others * * * by refusing Bookey's request to stay in their home until he was no longer intoxicated. Though the facts are, as the trial court noted, somewhat stronger than the facts in the ordinary social host situation, we do not find them such as to distinguish these two cases from other Dram Shop actions and thus provide an independent ground for a common-law negligence action.

*Id.* at 840.

Common law theories of liability were also asserted in *Holmquist*, a consolidation of three cases arising out of accidents occurring after minors had been served alcohol by a social host. Two of the cases arose out of the same incident. Barber (a minor) had been provided alcohol by Gabbert (his brother-in-law). After leaving Gabbert's home, Barber collided with another automobile. The two passengers brought separate actions against Gabbert, alleging, as in this case, that Gabbert illegally sold/bartered intoxicating liquor under § 340.95, that § 340.73 created an implied cause of action in their favor, and that Gabbert was negligent in allowing

Barber to operate a motor vehicle while intoxicated.

The facts of the third case in *Holmquist* involved a party held by Miller (a minor) at the home of his parents, who had provided the alcoholic beverages and were at all times aware of the party. Holmquist consumed alcohol at the party. While a passenger in a car driven by another minor who had attended the party, Holmquist fell out of the car and subsequently died. Holmquist's parents, in their proper representative capacity, brought an action against the driver of the car and against the Millers, based on violations of the Act and based on allegations that the Millers "either knew or should have known about the party and that they were under a duty to be aware of the actions of the minor children in their home." *Id.*, 367 N.W.2d at 470.

On appeal to this court, it was determined that the Act does not preempt the field of liquor liability law and that a common law negligence action based on a violation of § 340.73 (furnishing liquor to a minor) may be maintained. *Holmquist v. Miller*, 352 N.W.2d 47 (Minn.Ct.App.1984). In reversing and holding that a social host is not liable in a common law negligence action for serving alcohol to a minor, the supreme court did not specifically discuss whether the Gabberts were negligent in allowing Barber to drive or whether the Millers were negligent for failing to be "aware" of the minors' actions in their home. It can be inferred, however, that the supreme court did not consider these facts to be sufficiently distinguishable "from other Dram Shop actions and thus provide an independent ground for a common-law negligence action." *Cole*, 314 N.W.2d at 840.

Similarly, we do not find that the facts in this case render the Stevens' cause of action as separate and distinct from an ordinary claim against a social host based on the negligent furnishing of alcohol. Under the Stevens' theory "the ultimate negligent act" is still based upon an adult furnishing alcohol to a minor and upon his allowing the minor to drink in his home. *See Walker*, 338 N.W.2d at 256 (Scott, J., concurring specially).

Finally, the Stevens and the amicus advance a number of social and public policy arguments in favor of imposing at least a limited liability on a social host who expels an extremely intoxicated minor from the premises late at night with no means of safe transportation. The supreme court has made it clear that the Act preempts *any* common law negligence action against a social host which is even remotely related to the negligent furnishing of alcohol. *See Holmquist*, 367 N.W.2d 471–72. Any change in the law in this respect should come from the legislature. We therefore conclude that the Stevens' claims against the Cranes, which are based in part on the negligent furnishing of alcohol to minors, are preempted by the Act.

## DECISION

The trial court's grant of summary judgment is affirmed.

Affirmed.