Arlene E. BESEKE, as guardian ad litem of Daniel Modert; and Arlene E. Beseke, individually, Appellant,

v.

GARDEN CENTER, INC., Kenneth Ralph Chlian, et al., Independent School District No. 206, et al., Daniel Dean Holmquist, Atley Allan Holmquist, Respondents.

No. CO–86–1503.

Court of Appeals of Minnesota.

March 3, 1987.

Robert O. O'Neill, O'Neill, Traxler & Zard, Ltd., New Prague, for appellant.

Roderick B. McLarnan, Moorhead, for Garden Center, Inc.

Stephen P. Larson, Long Prairie, for Kenneth Ralph Chlian, et al.

Robert T. Stich, Minneapolis, for Independent School District No. 206, et al.

John C. Lervick, Alexandria, for Daniel Dean Holmquist.

Bruce W. Christopherson, Clarkfield, for Atley Allan Holmquist.

Considered and decided by FORSBERG, P.J., and SEDGWICK and HUSPENI, JJ., with oral argument waived.

## OPINION

FORSBERG, Judge.

Appellant sued defendants Garden Center, Inc. and Kenneth Chlian and Karen O. Jung d/b/a Ken and Karen's Geneva Lodge under the Civil Damages Act for personal injuries sustained as a result of a car accident involving appellant and Daniel Holmquist following a school sponsored event. Appellant also sued defendant-driver Daniel Holmquist and respondent Independent School District No. 206 and its employees Vernon Maack and Dennis Thompson under theories of general negligence.

Appellant's action against the school district was based on the alleged negligent supervision of students at a school sponsored event. Respondents moved for and were granted summary judgment.

## FACTS

Daniel Modert and Daniel Holmquist were students at the Alexandria Vocational Technical Institute (AVTI). Both students had signed up for and participated in a "Bowl-A-Thon," held at the Garden Center Lanes in Alexandria, Minnesota. The Bowl-A-Thon was sponsored by the AVTI Student Senate to raise money for school functions, and was held from approximately 11:00 p.m. February 2, to 2:30 a.m. February 3, 1983. Approximately 130 students participated in the event. No other members of the general public were bowling during that time. Appellant alleged that the fund raiser was under the supervision of agents of the respondent Independent School District No. 206, and more particularly, Dennis Thompson, who was present at the Garden Center during the Bowl-A-Thon. Thompson, the AVTI Placement Coordinator and Student Senate Advisor, was assigned to the Bowl-A-Thon by AVTI Director Vernon Maack. Respondent Thompson was the only faculty member present at the bowling alley during this event.

Modert and Holmquist were seen that evening to be obviously intoxicated while attempting to bowl and were requested to leave by the bowling alley manager, Charles Meyer. Meyer testified that he and Thompson discussed the fact that these two young men were drunk and disorderly, and that Thompson helped him remove the two men from the bowling alley. Thompson admitted seeing both Modert and Holmquist on the evening in question, but denied noticing any evidence of intoxication of either of them. Shortly after leaving the Bowl-A-Thon, Modert and Holmquist were found by police officers in a one car roll-over accident in the City of Alexandria.

Appellant alleged that defendants Garden Center, Inc. and Kenneth Chlian and

Karen Jung, d/b/a Ken and Karen's Geneva Lodge, illegally sold intoxicating liquor to Daniel Holmquist while he was obviously intoxicated. The alleged illegal sales, which took place while Holmquist and Modert were participating in the AVTI Bowl–A–Thon, were not the subject of the motion for summary judgment on appeal to this court.

The cause of action against respondents school district, Thompson, and Maack is a separate cause of action from the other defendants in this case. Appellant denied that its cause of action against respondents was brought under the Civil Damages Act, Minn.Stat. § 340.95, or through any common law action as a derivative from any aspect of that statute. Appellant admitted that the school district, Thompson, and Maack did not in any way furnish or serve intoxicating liquors to either Modert or Holmquist. The cause of action was claimed to be based solely on the breach of duty of student supervision by officers of AVTI, Maack, and Thompson. Appellant's argument was solely that the school, through its employees, had failed in its duty to supervise its student body at a school activity, and its failure was a contributing factor to the accident in which Modert was injured.

Respondents moved the trial court for summary judgment. The trial court found that as a post-secondary institution, respondent owed no duty to supervise its students' activities under the circumstances of this case, and therefore no liability could be imposed upon them. Consequently, the court granted respondents summary judgment. Appeal is taken from that judgment.

### ISSUE

Is a cause of action against the school district and individual faculty members based on negligent supervision of intoxicated students pre-empted by the Civil Damages Act?

### ANALYSIS

The Civil Damages Act, Minn.Stat. § 340A.801 (1985 Supp.) provides in part:

A spouse, child, parent, guardian, employer, or other person injured in person, property, or means of support by an intoxicated person or by the intoxication of another person, has a right of action in the person's own name for all damages sustained against a person who caused the intoxication of that person by illegally selling alcoholic beverages.

*Id.,* subd. 1.

In Minnesota, social host liability for damages and injuries inflicted by an intoxicated guest is precluded by the Civil Damages Act. *Holmquist v. Miller,* 367 N.W.2d 468 (Minn.1985) held that "a social host is not liable in a common law action for negligently serving alcohol to a minor * * *. In Minnesota, the field is pre-empted by the Civil Damages Act." *Id.* at 472.

In this case respondents argue that the Civil Damages Act pre-empts the present cause of action against the school district. We agree.

In *Meany v. Newell,* 367 N.W.2d 472 (Minn.1985), the supreme court held that "there is no cause of action at common law by a third party against an employer-social host who negligently serves alcohol to an employee." *Id.* at 474–75. The *Meany* court clearly stated that the Civil Damages Act was intended to apply only to commercial vendors, and social hosts continued to be insulated from liability for negligently providing liquor to an intoxicated person. *Id.*

In the earlier case of *Walker v. Kennedy,* 338 N.W.2d 254 (Minn.1983), the court held that a person who has provided facilities for a party, but who has not given or furnished liquor is not liable for damages and injuries inflicted by an intoxicated minor who was a guest. In *Walker,* the plaintiff argued that defendant was liable for damages inflicted by an intoxicated guest because he allowed his daughter to have a party at which minors were consuming alcohol, even though he was not present at the home when the party occurred and did not himself provide the alco-

hol. The court rejected this argument, basing its decision on the fact that since alcohol was not "given or furnished" by the defendant, social host liability could not be imposed. *Id.* at 255. The court similarly rejected the imposition of liability based on plaintiff's theory that a special relationship existed between defendant and his daughter, imposing a duty on defendant to prevent his daughter from serving alcohol to minors. The court noted that if liability were to be imposed due to defendant's failure to control the conduct of a third person, that third person must have caused the injury. *Id.* The court stated further that no special relationship existed between defendant and the intoxicated guest who caused the injury. *Id.*

In a concurring opinion by Justice Scott in which three other justices joined, the court noted that the majority's decision was somewhat misleading because even if defendant *had* given or furnished liquor, or if a "special relationship" had existed, liability was precluded by the Civil Damages Act.

> Under either theory the ultimate negligent act must be based upon allowing Patrick Welin to drink alcoholic beverages in the Kennedy home. The Civil Damages Act provides the exclusive remedy for injuries resulting from the illegal sale or barter of intoxicating liquors and preempts the field of remedies. A social host cannot be liable under the Civil Damages Act. As we stated in *Cole v. City of Spring Lake Park*, 314 N.W.2d 836, 840 (Minn.1982), 'the specific removal of the word "giving" is legislative activity which we interpret here as intent to preempt a Civil Damages Act or common-law remedy against social hosts.'

*Id.* at 256.

In the present case, the school district's role was that of social host. The school district sponsored the event, encouraged students to attend and arranged for use of a facility for the event. Just as in *Walker*, while the school district provided the facilities, it did not give or furnish alcohol to the students.

Appellant here struggles to distinguish its cause of action against the school district from one brought under the Civil Damages Act. Appellant's claim of negligent supervision, however, is necessarily based on the school district's allowing an intoxicated person to drink and arises out of injuries inflicted by an intoxicated person.

In *Stevens v. Thielen*, 394 N.W.2d 834 (Minn.Ct.App.1986), this court held that any common law negligence action that is based on the ultimate negligent act of allowing the illegal sale or barter of intoxicating liquor is precluded by the Act. *Id.* at 837. *Stevens* relied heavily on the supreme court's opinion in *Holmquist*, 367 N.W.2d at 468, in stating that

> The supreme court has made it clear that the Act preempts *any* common law negligence action against a social host which is even remotely related to the negligent furnishing of alcohol.

*Stevens*, 394 N.W.2d at 837 (emphasis in original). Because appellant's claim against the school district is related to the negligent furnishing of alcohol, it is preempted by the Civil Damages Act.

## DECISION

The Civil Damages Act is the exclusive remedy for injuries resulting from the illegal sale of intoxicating liquor and preempts a common law negligence action against the school district and its employees for injuries sustained by an intoxicated student after a school sponsored activity.

Affirmed.