HENRY JOHNSON v. JAMES C. DAVIS.[1]

January 29, 1926.

No. 25,064.

**Order of substitution of defendant violation of Transportation Act.**

1. An order substituting the agent of the President as party defendant, in a suit pending against a railway company for death by wrongful act at the time of the termination of Federal control, made more than two years thereafter, is violative of section 206-a of the Transportation Act of February 28, 1920, requiring suits to be brought within two years.

**Effect of order.**

2. The substituting of the agent of the President as a party defendant was, in effect, the commencement of a new and independent action to enforce the liability which was barred as stated in the opinion.

Limitation of Actions, 37 C. J. p. 1068 n. 87.

Plaintiff's motion in the above entitled action in the district court for St. Louis county to substitute James C. Davis, as Agent of the President under the Transportation Act of 1920, as defendant in place of the railway company, was granted by Magney, J., who ordered judgment for plaintiff for $800. The substituted defendant appealed from the judgment. Reversed.

*Baldwin, Baldwin, Holmes & Mayall,* for appellant.

*Arnold & Arnold,* for respondent.

[1]Reported in 207 N. W. 23.

QUINN, J.

This action was commenced on October 11, 1919, against the Duluth, Missabe & Northern Railway Company alone, to recover for the wrongful death of Alphie Johnson, occasioned by the forest fire on October 12, 1918, in St. Louis and adjoining counties. The railway company appeared, by present counsel for appellant, and answered, denying that the fire originated from its line of railroad, alleging Federal control, the issuance of General Orders 50 and 50-a of the director general and its nonliability on those grounds. There was no reply.

The congressional consent of the government to be sued expired by lapse of time on October 12, 1920, and on that day the two-year period in which to commence an action for wrongful death under our statute also expired. The action slumbered until December 20, 1924, when a motion to substitute James C. Davis as defendant was submitted, and on August 7, 1925, an order granting the motion for substitution was entered.

It is perfectly manifest that the appellant was not made a party to the action until several years after the congressional consent of the government to be sued had expired and after the time within which the action might have been brought to recover under the death statute had expired. The decision of the Federal Supreme Court in the case of Davis v. L. L. Cohen & Co. Inc. 268 U. S. 638, 69 L. ed. 1129, 45 Sup. Ct. 633, decided June 8, 1925, is final and disposes of the case at bar. In that case it was said:

"The railroad company was not liable for the cause of action that had arisen during Federal control; the sole liability being that of the Director General as the representative of the government. Missouri Pacific Railroad v. Ault, 256 U. S. 554, 557, 41 S. Ct. 593, 65 L. ed. 1087. The original suit against the railroad company was not a suit against the Director General. * * * The Transportation Act, which passed in February, 1920, provided that the Federal control should terminate on March 1, 1920. It further provided in § 206 (a) that suits and proceedings based on causes of action arising out of the possession, use and operation of a railroad under Federal

control of such character as prior thereto could have been brought against the railroad company, might, after the termination of Federal control, be brought against an agent designated by the President for such purpose 'but not later than two years from the date of the passage of this act.'  *  *  *  By substituting the designated agent as the defendant, was in effect, the commencement of a new and independent proceeding to enforce this liability. Being commenced more than two years after the passage of the Transportation Act, it was repugnant to the provision of section 206-(a) requiring such an action to be instituted not later than two years after the passage of the Act. This was the only consent the government had given to being sued in such an action after the termination of Federal control.  *  *  *  It results that the provisions of the Massachusetts General Laws under which the plaintiff was allowed to amend the writ and declaration so as to substitute the designated agent as the defendant instead of the railroad company, as construed and applied in the present case, are void because of repugnancy to section 206-(a) of the Transportation Act."

Further discussion is unnecessary. However, it may be remarked that neither the director general nor any of his attorneys could have waived the immunity of the government to suit and submitted appellant to the jurisdiction of the court under the circumstances disclosed by the record. 26 R. C. L. 1459-1461; Carr v. U. S. 98 U. S. 433, 25 L. ed. 209; Stanley v. Schwalby, 162 U. S. 255, 16 Sup. Ct. 754, 40 L. ed. 960. It follows that the district court was without jurisdiction.

Judgment reversed.