Russell **VANWAGNER**, Appellant,

v.

James **MATTISON**, et al., Respondents.

No. C5–95–516.

Court of Appeals of Minnesota.

June 20, 1995.

John P. Dehen, Kampmeyer, Kronschnabel & Bader, P.L.L.P., St. Paul, for appellant.

Steven L. Viltoft, LaBore & Giuliani, Ltd., Hopkins, for respondent.

Considered and decided by PARKER, P.J., and HARTEN, and SCHULTZ,* JJ.

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

1. This case is a procedural curiosity, containing inconsistencies that apparently troubled neither the parties nor the district court. When the case was submitted for arbitration, the arbitrator ruled that absolute liability applied. VanWagner moved the district court to confirm the arbitrator's determination, and the Mattisons argued that the absolute liability decision was beyond the scope of the arbitration. A bench trial was begun on the issue of the scope of the arbitration, but the parties settled the issue and stipulated that the arbitrator's decision on absolute liability was beyond the scope of the arbitration and therefore null and void. The parties also stipulated that the absolute liability question would be submitted to the district court upon cross-motions for summary judgment and that the amount

## OPINION

HARTEN, Judge.

Appellant challenges summary judgment in respondents' favor, claiming that respondents are absolutely liable for injuries he sustained after respondents illegally furnished alcohol to him. We affirm.

## FACTS

Appellant Russell VanWagner sued respondents James and Margie Mattison in Ramsey County District Court, alleging that the Mattisons negligently furnished alcohol to VanWagner, who was then under age 21. VanWagner was seriously injured in a single-car accident after he left a party hosted by the Mattisons. The parties entered into a high-low settlement agreement whereby VanWagner would recover the higher amount if it was determined in binding arbitration that his fault did not exceed the Mattisons' fault. The arbitrator determined that VanWagner's negligence amounted to 75 percent and the Mattisons' negligence amounted to 25 percent.

The parties subsequently filed in the district court cross-motions for summary judgment on stipulated facts. The parties agreed to be bound by the arbitrator's assignment of negligence, but they stipulated that VanWagner would recover the higher settlement amount if the Mattisons were ruled to be absolutely liable for the injuries. The district court granted the Mattisons' motion for summary judgment, concluding that absolute liability did not apply. This appeal follows.[1]

of the settlement would depend on the district court's ruling.

Before the arbitration, however, the parties had stipulated to dismissal with prejudice of the negligence case. See Minn.R.Civ.P. 41.01(a). The case seems to have somehow revived when VanWagner filed a motion to confirm the arbitrator's determination. If the case then encompassed only the scope of the arbitration award—which the parties agreed did not include the absolute liability issue—then that issue was never properly before the district court. In effect, the parties seem to be requesting a declaratory judgment on the absolute liability question, even though no action was filed in that form.

The Mattisons have stated their belief that the case is properly before us. Although we question the form in which this case is presented, there being no objection, we will address the merits of the appeal.

## ISSUE

Are social hosts age 21 or older absolutely liable for injuries caused by their illegally furnishing alcohol to a person under age 21?

## ANALYSIS

 VanWagner challenges the summary judgment, by which the district court ruled that the Mattisons were not subject to absolute liability. When a case is decided on stipulated facts, the only issue on appeal is whether the district court erred in applying the law. *Fingerhut Corp. v. Suburban Nat'l Bank,* 460 N.W.2d 63, 65 (Minn.App.1990). Because this case involves a question of law, we need not defer to the district court. *See Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n,* 358 N.W.2d 639, 642 (Minn. 1984).

VanWagner argues that social hosts age 21 or older who illegally furnish alcohol to persons under age 21 are absolutely liable for resulting injuries. The Mattisons concede that they violated Minn.Stat. § 340A.503 (1992) when they furnished alcohol to Van-Wagner knowing that he was under 21; they argue, however, that VanWagner's own negligence should be compared to their negligence in accordance with the comparative fault statute, Minn.Stat. § 604.01 (1992). Whether the comparative fault statute applies here is a question of first impression.

 In analyzing this issue, it is important to note that VanWagner's cause of action did not arise directly under the Civil Damage Act (dram shop act), Minn.Stat. § 340A.801. *See id.,* subd. 1 (1992) (liability for illegally *selling* alcoholic beverages); *Cady v. Coleman,* 315 N.W.2d 593, 596 (Minn.1982) (liability under dram shop act limited to commercial vendors). Subdivision 6 of the Act, however, reads as follows:

> Nothing in this chapter precludes common law tort claims against any person 21 years old or older who knowingly provides or furnishes alcoholic beverages to a person under the age of 21 years.

Minn.Stat. § 340A.801, subd. 6 (1992). Utilizing this provision, VanWagner brought a common law tort claim for his own injuries.

VanWagner preliminarily asserts that the fact that he was the intoxicated person does not bar his claim, as it would for actions under the Civil Damage Act. *See id.,* subd. 1 (right of action for person who suffers loss "by an intoxicated person or by the intoxication of another person"); *Robinson v. Lamott,* 289 N.W.2d 60, 62 (Minn.1979). We agree.

In *Robinson,* the supreme court held that the intoxicated person is barred from bringing a common law suit against a vendor because the Civil Damage Act pre-empts the field of remedies for claims based on the illegal sale of alcohol. *Robinson,* 289 N.W.2d at 65. In enacting subdivision 6, however, the legislature signalled its intent that the Civil Damage Act *not* pre-empt actions described in that subdivision. The language of subdivision 6 suggests that *anyone* may bring a claim against social hosts who have knowingly furnished alcohol to persons under age 21, as long as the hosts are at least 21 years old. *Cf. Siltman v. Tulenchik,* Nos. C9–94–1058, C9–94–1059, 1995 WL 6426 (Minn.App. Jan. 10, 1995) (subdivision 6 does not permit a claim against social hosts under age 21). Had the legislature intended to bar a claim brought by the intoxicated person, it could have done so explicitly, as it did for actions under subdivision 1 of the act.

 We turn now to the issue of the applicable standard of liability. From 1977 to 1990, social hosts could not be liable—under either the Act or common law—for illegally furnishing alcohol. *See Cole v. City of Spring Lake Park,* 314 N.W.2d 836, 840 (Minn.1982).[2] In *Holmquist v. Miller,* 367 N.W.2d 468 (Minn.1985), the supreme court again held that a social host is not liable in a common law action for serving alcohol to a minor. *Id.* at 470–72. The court noted the strong public policy of discouraging the ille-

---

**2.** In 1972, the supreme court held that social hosts could be held liable under the version of the Civil Damage Act then in effect, which applied to those "illegally selling, bartering or giving" alcoholic beverages. *Ross v. Ross,* 294 Minn. 115, 118–22, 200 N.W.2d 149, 151–53 (1972) (citing Minn.Stat. § 340.95 (1971)). In 1977, the legislature amended the statute by deleting the words "or giving." 1977 Minn.Laws ch. 390, § 1.

gal furnishing of alcohol to minors, but it concluded that only the legislature could create social host liability in furtherance of that policy. *Id.* at 471–72. In 1990, apparently responding to this invitation, the legislature amended the Civil Damage Act by enacting subdivision 6.

VanWagner derives his theory of absolute liability from *Dart v. Pure Oil Co.*, 223 Minn. 526, 27 N.W.2d 555 (1947), and its progeny. In *Dart*, the supreme court noted that

it has been the long-standing rule of this court, with certain exceptions, that the violation of a statutory standard of conduct does not differ from ordinary negligence. It therefore follows that in an action based on such a statute contributory negligence is available as a defense.

*Id.* at 534, 27 N.W.2d at 559. The court stated, however, that certain "exceptional statutes" did not permit the defense of contributory negligence because they were intended "for the protection of a limited class of persons from their inability to protect themselves." *Id.* at 535, 27 N.W.2d at 560. The supreme court then listed three types of statutes imposing absolute liability: (1) child labor statutes; (2) statutes prohibiting the sale of dangerous articles to minors; and (3) statutes for the protection of intoxicated persons. *Id.* at 536–37, 27 N.W.2d at 560–61. Finally, the court concluded that a statute regulating the sale of volatile oils was not an exceptional statute that precluded the defense of contributory negligence. *Id.* at 540, 27 N.W.2d at 562.

The supreme court revisited the issue in *Zerby v. Warren*, 297 Minn. 134, 210 N.W.2d 58 (1973). Refining the reasoning of *Dart*, the court stated the test as follows:

In order to create absolute liability, it must be found that the legislative purpose of such a statute is to protect a limited

class of persons from their own inexperience, lack of judgment, inability to protect themselves or to resist pressure, or tendency toward negligence.

*Id.* at 139, 210 N.W.2d at 62 (citing Restatement (Second) of Torts § 483 cmt. c (1965)). The court reviewed the three categories of "exceptional statutes" in *Dart*, and concluded that a statute prohibiting the sale of a certain airplane glue to minors fell within the second category because it concerned the sale of a dangerous article. *Id.* at 140, 210 N.W.2d at 62. Consequently, the supreme court held that the violation of the airplane glue statute created absolute liability and that the defenses of contributory negligence and assumption of the risk were thus precluded. *Id.*[3]

VanWagner heavily relies upon the supreme court's decision in *Trail v. Christian*, 298 Minn. 101, 213 N.W.2d 618 (1973). In *Trail*, a tavern illegally sold 3.2 beer to an intoxicated minor. *Id.* at 103, 213 N.W.2d at 620. An action could not be maintained under the Civil Damage Act, because at that time the Act applied only to sales of "intoxicating" beverages, which by definition did not include 3.2 beer. *Id.* at 103–04, 213 N.W.2d at 620.[4] The supreme court held that the Act pre-empted only actions involving the sale of intoxicating beverages; consequently, a common law tort action could be maintained against a commercial vendor who illegally sold 3.2 beer to either a minor or an intoxicated person. *Id.* at 111, 213 N.W.2d at 624.

The supreme court also held that violations of the statutes prohibiting the sale of 3.2 beer to minors or intoxicated persons created absolute liability, thereby precluding the defenses of contributory negligence and assumption of the risk, and the application of comparative fault. *Id.* at 115, 213 N.W.2d at

3. Following the reasoning of *Dart* and *Zerby*, we recently held that the statute prohibiting the use of a minor for a sexual performance imposed absolute liability for its violation. *Doe v. Brainerd Int'l Raceway*, 514 N.W.2d 811, 817 (Minn. App.1994), *pet. for rev. granted* (Minn. June 15, 1994). Previously, the supreme court held that, although it was not enacted to protect a limited class of persons unable to protect themselves, violation of the dog-bite liability statute resulted in absolute liability. *Seim v. Garavalia*, 306

N.W.2d 806, 812 (Minn.1981). In so holding, the court relied on the language of the statute and case law interpreting the statute, and it recognized the authority of the legislature to make exceptions to the comparative fault statute in the interest of public policy. *Id.* at 812–13.

4. The Act was later amended to apply to nonintoxicating malt liquors. *See* 1982 Minn.Laws ch. 528, § 7.

626. The court cited *Zerby,* noting that statutes for the protection of intoxicated persons were excepted from the general rule that breach of a statutorily-defined standard of care does not differ from common law negligence. *Id.* at 113–14, 213 N.W.2d at 625 (citing *Zerby,* 297 Minn. at 140, 210 N.W.2d at 62). The court reasoned:

> [I]t is clear that the legislature did not intend to limit the benefit of these statutes [prohibiting the sale of 3.2 beer to minors and those already intoxicated] to only those who, because of their age or physical condition, were deemed unable to exert self-protective measures of care. Rather, it wisely enacted these provisions for the purpose of protecting members of the general public as well. As such, the legislature must have intended that no defense would displace the responsibility imposed by these two statutes.

*Id.* at 114, 213 N.W.2d at 625–26 (footnote omitted). The court declined to consider other areas of common law liability outside the Act and expressly limited its opinion to

> sales of 3.2 beer to minors or those already intoxicated and the ensuing civil liability of the commercial vendor whose sale under these circumstances results in injuries to an innocent third party not a patron of the vendor.

*Id.* at 104, 213 N.W.2d at 620.

VanWagner accordingly argues that the holdings of *Dart, Zerby,* and *Trail* require that absolute liability govern here. In *Dart* and *Zerby,* the supreme court stated that statutes intended for the protection of intoxicated persons, like those prohibiting the sale of dangerous articles to minors, are "exceptional" statutes, violations of which create absolute liability. Common law actions involving violations of statutes regulating liquor are barred in most cases because the Civil Damage Act pre-empts such actions. *See, e.g., Holmquist,* 367 N.W.2d at 472. In *Trail,* the supreme court did permit a common law action for an illegal sale outside the

scope of the Act and held that such an action was governed by absolute liability.[5] Subdivision 6 now permits additional common law actions, and VanWagner argues that these actions also should be governed by absolute liability because the statute prohibiting the furnishing of alcohol to persons under 21 is an "exceptional" statute. In VanWagner's view, the statute was intended to protect a special class of persons—those under age 21—from their own inexperience and lack of judgment. Moreover, VanWagner contends that the statute falls within the exceptions specifically mentioned in *Dart* and *Zerby* because it prohibits the sale of a dangerous article to those under age 21 and was intended for the protection of intoxicated persons.

Van Wagner raises additional arguments in support of his position. VanWagner points to the standard jury instruction for common law actions permitted by subdivision 6. *See* 4 *Minnesota Practice,* CIVJIG 459 (Supp.1992). The jury instruction states that a person age 21 or older who illegally furnishes alcohol to a person under age 21 is negligent as a matter of law. *Id.* The committee comment suggests that *Trail* provides guidance in establishing the appropriate standard of liability for such actions, and that if courts follow *Trail,* then the defense of contributory negligence must be precluded. *Id.,* cmt. Of course, we need not defer to the JIG committee commentary.

VanWagner also relies on public policy to support his argument. He insists that the legislature intended to protect persons under age 21 from the dangers of drinking and driving when it enacted subdivision 6, and contends that such a policy would be undermined if anything less than absolute liability were imposed. VanWagner emphasizes that a more stringent standard of liability would more adequately deter the furnishing of alcohol to persons under age 21 by persons age 21 or older.

The Mattisons' position is straightforward. They argue that because subdivision 6 refers

---

5. In only one other case has the supreme court permitted a common law tort action involving an illegal sale of alcohol outside the scope of the Act. *See Blamey v. Brown,* 270 N.W.2d 884 (Minn.1978) (permitting common law action against Wisconsin vendor) *cert. denied,* 444 U.S. 1070, 100 S.Ct. 1013, 62 L.Ed.2d 751 (1980). In that case, however, the court did not consider whether absolute liability would apply. *See id.*

to "common law tort claims" and because absolute liability is not generally imposed under the common law, the action should be subject to the comparative fault statute, Minn.Stat. § 604.01. The Mattisons also note that actions under the Civil Damage Act are subject to comparative fault. *See* Minn. Stat. § 340A.801, subd. 3 (1992) (actions under the Act are governed by section 604.01). They argue that, as a matter of public policy, social hosts, who serve alcohol only on occasion, should not be held to a higher standard of liability than commercial vendors, who are subject to the Act. Finally, the Mattisons argue that other jurisdictions that permit social host liability have not imposed absolute liability.

The Mattisons' position is supported by the supreme court's decision in *Jones v. Fisher*, 309 N.W.2d 726 (Minn.1981). In *Jones*, the court held that a vendor of 3.2 beer could be liable under common law to the spouse of the decedent who purchased the beer, even though such an action was then barred under the Civil Damage Act. *Id.* at 728. The court relied on the holding in *Trail* that innocent third parties could recover under the common law from vendors of 3.2 beer. *Id.* (citing *Trail*, 298 Minn. 101, 213 N.W.2d 618). The supreme court concluded that because the spouse of one intoxicated by strong liquor was considered an innocent third party under the Act, the spouse of one intoxicated by 3.2 beer should also be viewed as an innocent third party, and thus able to recover under *Trail*. *Id.* The court believed that

> to rule otherwise would result in an unequal treatment of two classes of plaintiffs solely on the basis of the type of liquor consumed by the intoxicated person. We are compelled by principles of constitutional construction to place 3.2 liquor vendors on the same footing as all other dram-shop violators.

*Id.* (footnote omitted). Similarly, in the present case one could infer that the legislature,

in permitting common law actions against social hosts under certain circumstances, intended that social hosts be placed on the same footing with commercial vendors, who have the benefit of comparative fault.

In summary, the Mattisons contend that common law actions permitted under subdivision 6 are subject to comparative fault, just like other common law negligence actions or even actions under the Civil Damage Act. VanWagner, on the other hand, argues that the supreme court's holding in *Trail* (in which a common law action involving a liquor violation outside the scope of the Act was held to be subject to a standard of absolute liability) should be extended to the present action, which also involves a liquor violation outside the scope of the Act. VanWagner insists that the analysis in *Trail*, *Zerby*, and *Dart* applies equally well in this case.

We conclude that common law actions permitted by subdivision 6 are subject to comparative fault. In *Trail*, the supreme court concluded that the legislature did not intend to allow contributory negligence to displace the responsibility imposed by the statute at issue there. Since that decision, however, the legislature has explicitly made dram shop liability subject to comparative fault. *See* 1977 Minn.Laws ch. 390, § 1. The legislature thereby expressed its intent to allow the defense of contributory negligence in certain actions involving violations of statutes regulating liquor, including Minn.Stat. § 340A.503 (prohibiting the sale or furnishing of alcohol to persons under 21). The Mattisons' argument that social hosts should not be subject to a higher standard of liability than commercial vendors appears sound.

We hold that the common law actions permitted under subdivision 6 do not involve absolute liability and are therefore subject to comparative fault. Accordingly, we affirm the summary judgment in favor of the Mattisons.[6]

---

**6.** On appeal, VanWagner has moved that all references in the Mattisons' brief to facts not contained within the stipulated facts be stricken. In his own brief, however, VanWagner also wandered outside the scope of the stipulation when he referred to himself as a quadriplegic. We emphasize that in rendering our decision, we have ignored these improper references. We

grant VanWagner's motion to strike, but we deny his motion for sanctions.

The Mattisons have moved that references to the decision of the arbitrator on the absolute liability issue be stricken from VanWagner's brief. The parties stipulated that the arbitrator acted outside the scope of the arbitration in

## DECISION

The district court correctly ruled that the Mattisons were not absolutely liable for Van-Wagner's injuries; consequently, summary judgment in favor of the Mattisons was proper.

**Affirmed.**

deciding that issue and that the decision was therefore void. That stipulation remains part of the record, however, and VanWagner did not act improperly by referring to the arbitrator's decision in relating procedural history. We deny the Mattisons' motion.