Leanne WOLLAN, Appellant,

v.

Jayson M. JAHNZ, Defendant,

**GRIZZLY'S SPORTS BAR GRILL, INC., et al., Respondents.**

No. C4–02–1127.

Court of Appeals of Minnesota.

Feb. 11, 2003.

Michael J. Riehm, Minneapolis, MN, for appellant.

Byron M. Peterson, Tomsche, Sonnesyn Tomsche, P.A., Golden Valley, MN, for respondents.

Considered and decided by HALBROOKS, Presiding Judge, SCHUMACHER, Judge, and HUDSON, Judge.

## OPINION

ROBERT H. SCHUMACHER, Judge.

Appellant LeAnn Wollan brought this action for personal injuries against respondents Grizzly's Sports Bar & Grill, Inc., Douglas Fore, and Susan Fore for providing alcohol to a minor. The district court granted the motion of Grizzly's and the Fores to dismiss the case, holding that Wollan failed to include Grizzly's and the Fores as defendants within a two-year limitations period. We reverse.

## FACTS

On December 29, 1997, Grizzly's hosted its employee Christmas party. The Fores, sole shareholders and operators of Griz-

zly's, provided alcoholic beverages to employees at the event. Jayson M. Jahnz, an employee under 21 years of age, consumed alcoholic beverages at the party and became intoxicated. Later that evening, Jahnz was driving a snowmobile with Wollan as a passenger when the snowmobile flipped, and Wollan was injured.

Wollan commenced this action against Jahnz on August 20, 1998, alleging his negligent operation of the snowmobile. On January 13, 2000, Jahnz filed for bankruptcy protection, and Wollan's initial attorneys withdrew as counsel that same day. This action was then stayed pending the outcome of the bankruptcy.

On August 2, 2001, nearly four years after her injury, Wollan sought to amend the complaint to include Grizzly's and the Fores as additional defendants for a claim under Minn.Stat. § 340A.801, subd. 6 (2002). The district court initially denied Wollan's motion to amend the complaint, but it later amended its order to allow the inclusion of the additional defendants.

Grizzly's and the Fores then moved to dismiss the case, contending the two-year limitations period applied. Wollan argued that the proper limitations period was six years as a common-law negligence action under Minn.Stat. § 541.05, subd. 1(5) (2002). The district court granted the motion to dismiss, reasoning that the claim was similar to an intentional tort action with the two-year limitations period specified by Minn.Stat. § 541.07(1) (2002).

## ISSUE

Is an action brought under Minn.Stat. § 340A.801, subd. 6, for providing alcohol to a minor who causes injury to another, subject to a two-year or six-year limitations period?

## ANALYSIS

This case contains no factual disputes, but only questions of law that are reviewed de novo. *Moreno v. Crookston Times Printing Co.*, 610 N.W.2d 321, 327 (Minn. 2000). When a case is decided on stipulated facts, the only issue on appeal is whether the district court erred in applying the law. *VanWagner v. Mattison*, 533 N.W.2d 75, 77 (Minn.App.1995), *review denied* (Minn. Sept. 20, 1995). A claim brought under the Civil Damages Act, Minn.Stat. § 340A.801 (2002), is a creation of statute in derogation of common law. *Whitener ex rel. Miller v. Dahl*, 625 N.W.2d 827, 830 (Minn.2001). As a statutorily created cause of action, the statute will be strictly construed. *Id.* at 833.

■ If a pleading is amended to introduce a new party, the limitations period is calculated as of the date of the amendment. *Johnson v. Davis*, 166 Minn. 126, 128, 207 N.W. 23, 24 (1926) (substituting new party is equivalent to bringing new action); *Watson v. Stonewings on the Lake*, 393 N.W.2d 518, 521 (Minn.App. 1986) (holding that action including additional parties did not relate back to original filing if additional parties had no prior knowledge of action against initial defendants).

Here, the district court held that a claim brought under Minn.Stat. § 340A.801, subd. 6 (2002) must be brought within the two-year limitations period provided for in section 541.07(1) (2002). Wollan argues that the proper period is the six-year term for negligent torts under section 545.01, subd. 1 (2002).

The common law did not recognize a cause of action against a vendor for injuries resulting from the sale of intoxicating beverages. *K.R. v. Sanford*, 605 N.W.2d 387, 391 (Minn.2000). However, the Minnesota legislature first imposed liability on vendors in 1911 by enacting the Civil Damages Act. *Id.; see also* Minn.Stat. § 340A.801. Since the Act's promulgation, the Minnesota Supreme Court and the legislature have engaged in a "duet" in which the court notes an omission or oversight in the statute, and the legislature responds by amending it. *See Koehnen v. Dufuor*, 590 N.W.2d 107, 109–12 (Minn.1999) (outlining evolution of Civil Damages Act).

In 1985, the supreme court held that "a social host is not liable in a common-law action for negligently serving alcohol to a minor." *Holmquist v. Miller*, 367 N.W.2d 468, 472 (Minn.1985); *accord Meany v. Newell*, 367 N.W.2d 472, 474 (Minn.1985). The court stated that only the legislature could create social-host liability. *Holmquist*, 367 N.W.2d at 471–72. In 1990, the Minnesota legislature enacted the following amendment in apparent response to the *Holmquist* decision:

> Nothing in this chapter precludes common law tort claims against any person 21 years or older who knowingly provides or furnishes alcoholic beverages to a person under the age of 21 years.

Minn.Stat. § 340A.801, subd. 6 (2002); *see VanWagner*, 533 N.W.2d at 79 (recognizing that *Holmquist* was superceded by statute).

The statute did not overtly create a statutory cause of action, but merely permitted common-law tort claims. The common law, however, did not recognize tort claims for providing a minor with alcoholic beverages. *Koehnen*, 590 N.W.2d at 109. Rather, such liability "is a part of our jurisprudence solely as a creation of the legislature." *Id.* At 111–12. Despite the lack common-law precedent, subdivison 6 did not specifically provide á limitations period for claims brought under that section.

■ Wollan argues that the six-year statute of limitations for negligence actions

is the appropriate measure for cases brought under subdivison 6. Most negligence causes of action are governed by Minn.Stat. § 541.05, subd. 1(5) (2002), which provides a six-year limitations period for "criminal conversion, or for *any other injury* to the person or rights of another, not arising out of contract, and *not hereinafter enumerated*." (Emphasis added); *see D.M.S. v. Barber,* 645 N.W.2d 383, 390 (Minn.2002) (stating "most negligence actions" are subject to a six-year period of limitation).

In the past, Minnesota courts have consistently analyzed social host liability using principles of negligence. *See, e.g., Trail v. Christian,* 298 Minn. 101, 213 N.W.2d 618 (Minn.1973); *Wegan v. Village of Lexington,* 309 N.W.2d 273 (Minn.1981). Both *Trail* and *Wegan* were superceded by legislation passed in 1982. *See* Act of Mar. 22, 1982, c. 528, § 7, 1982 Minn. Laws 978; *Holmquist,* 367 N.W.2d at 471 (recognizing *Trail's* ineffectiveness after 1982 statute). Neither the 1982 modification of the Civil Damages Act to include malt liquor containing more than 3.2% alcohol by weight ("3.2 beer") nor the addition of subdivision 6 in 1990 altered the negligence analysis used in *Trail* or *Wegan.* The inclusion of 3.2 beer in the Civil Damages Act merely expanded the types of alcohol included under the purview of the statute; it did not alter the cause of action upon which the claim was based. Similarly, by adding subdivision 6, the legislature did not create a new cause of action, but has merely granted permission to apply existing common-law principles to the defined social hosts.

Since the 1990 addition of subdivision 6, this court has continued to apply negligence principles to actions permitted by that subdivision. In *VanWagner,* this court determined that the common-law action permitted by subdivision 6 should be analyzed using negligence principles and noted that common-law actions permitted by subdivision 6 do not arise directly under Civil Damages Act. *VanWagner,* 533 N.W.2d at 75. Professor Michael Steenson has also noted that the legislature, by adding subdivision 6, consciously permitted social-host liability to be decided using common-law negligence principles. Michael K. Steenson, *With the Legislature's Permission and the Supreme Court's Consent, Common Law Social Host Liability Returns to Minnesota,* 21 Wm. Mitchell L.Rev. 45, 106 (1995) ("[T]he legislature acted with full awareness of the division that would be created by permitting social host liability on the basis of common law negligence principles."). We do not believe that the promulgation of subdivision 6 compels this court to discontinue applying a negligence analysis and its concomitant six-year limitations period.

We disagree with the district court's determination that subdivision 6 is controlled by the two-year limitations period found in Minn.Stat. § 541.07(1) (2002). By adding subdivision 6, the legislature did not take it upon itself to create a new cause of action or statutory scheme, but it only gave its permission for common-law actions to go forward. The legislature provides no indication that it intended to diverge from the negligence analysis used in the past. Applying the two-year limitations period in Minn.Stat. § 340A.802, subd. 2 (2002), which controls other portions of the Civil Damages Act, is similarly inappropriate. The *VanWagner* court noted that by enacting subdivision 6, the legislature indicated its intent that the Civil Damages Act not preempt actions under that subdivision. *VanWagner,* 533 N.W.2d at 77. This distinction between subdivision 6 and the other subdivisions in that section further demonstrates that the two-year limitations period for the rest of the

Civil Damages Act does not apply to common-law actions under subdivision 6.

This court most recently analyzed the limitations period under the Civil Damages Act in *Brua v. Olson,* 621 N.W.2d 472 (Minn.App.2001), *review denied* (Minn. Mar. 27, 2001). Of particular interest is the following statement:

> Because the legislature could have but did not make the statute of limitations applicable to "any action brought under this act," we read the two-year limitation [in Minn.Stat. § 340A.802, subd. 2] as only applying to direct actions against the liquor vendor brought under section 340A.801.

*Id.* at 475. Though *Brua* was brought under Minn.Stat. § 340A.801, subd. 1, the case similarly involved a snowmobile driver who became intoxicated and subsequently injured a third party. *Id.* at 473. In light of the *Brua* court's ruling that the two-year limitations period in section 340A.802, subd. 2, narrowly applies to direct actions against vendors of alcohol, we will not expand its application to include actions against social hosts under subdivision 6.

Because we find no compelling reason to diverge from the negligence analysis used in prior cases under the Civil Damages Act and subdivision 6, we hold that the six-year limitations period under Minn.Stat. § 541.05, subd. 1(5) is the proper measure for those common-law actions permitted by section 340A.801, subdivision 6.

### DECISION

Actions brought under Minn.Stat. § 340A.801, subd. 6 (2002), are governed by the six-year limitations period provided in Minn.Stat. § 545.01, subd. 1(5) (2002).

**Reversed.**