Mark A. **CHRISTIANSEN, individually and as trustee for the heirs of Ken J. Christiansen, Decedent, et al., Respondents,**

v.

**UNIVERSITY OF MINNESOTA BOARD OF REGENTS, et al., Defendants.**

**Wesley W. Omer, Appellant.**

**No. A06–1796.**

Court of Appeals of Minnesota.

June 12, 2007.

Gerald J. Brown, Attorney at Law, Duluth, MN, for respondents Mark A. Christiansen, Lisa Harma, Sherry Christiansen.

Jennifer L. Frisch, Minneapolis, MN, for defendant University of Minnesota Board of Regents.

Robert C. Barnes, McCarthy & Barnes, PLC, Duluth, MN, for defendant Jeramy Katchuba.

Gregory J. Holly, McGuigan & Holly, PLC, St. Paul, MN, for defendant Kevin J. McGuigan.

Matthew R. Thibodeau, Jerome D. Feriancek, Jr., Thibodeau, Johnson & Feriancek, PLLP, Duluth, MN, for appellant.

Considered and decided by
STONEBURNER, Presiding Judge;
KALITOWSKI, Judge; and HARTEN,
Judge.

## OPINION

HARTEN, Judge.*

Appellant, a social host who provided alcohol to a minor, moved to dismiss an action brought against him under Minn. Stat. § 340A.90 (2004) on the ground that Minn.Stat. § 573.02 (2004), prescribing a three-year limitation for wrongful death actions, precludes the action. The district court denied his motion on the ground that the six-year limitation prescribed by Minn. Stat. § 541.05 (2004) governs actions brought under Minn.Stat. § 340A.90. Under Minn. R. Civ.App. P. 103.03(i), appellant then moved the district court to certify as important and doubtful the question of whether claims under Minn.Stat. § 340A.90 are governed by the limitation prescribed by Minn.Stat. § 541.05. The district court granted the motion, and appellant presents the certified question to

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

this court.[1] We answer the certified question in the affirmative and affirm the district court denial of appellant's motion to dismiss.

## FACTS

On 13 April 2001, Ken Christiansen, then under 21 years of age, attended a party at a residence that appellant Wesley Omer controlled. Christiansen consumed alcohol, became intoxicated, and died after falling in a creek as he attempted to walk home. Four years later, on 9 April 2005, appellant was served with the complaint in an action brought by respondents, Christiansen's sisters and father, both individually and as trustee for his heirs, under Minn.Stat. § 340A.90 (2004), establishing liability of social hosts for injuries caused by the intoxication of minors.[2]

## ISSUE

Does the six-year limitation prescribed by Minn.Stat. § 541.05 (2004) govern actions brought under Minn.Stat. § 340A.90 (2004)?

## ANALYSIS

■ Minn.Stat. § 340A.90 (2004) provides in relevant part that a parent or other person who suffers pecuniary loss or is injured in property or means of support by the intoxication of someone under 21 years of age has a right of action against a social host (a person over 21), who controlled the premises and permitted the consumption of the alcoholic beverages that caused the intoxication. Minn.Stat. § 340A.90 provides no time limitation for bringing an action.

Respondents argue, and the district court concluded, that the relevant limitation is in Minn.Stat. § 541.05, subd. 1(2), providing that actions "upon a liability created by statute" must be brought within six years. We agree. Minn.Stat. § 340A.90, under which this action was brought, was enacted in 2000 to create a liability for social hosts. Thus, the appropriate limitation period is the six years prescribed in Minn.Stat. § 541.05, subd. 1(2), for liabilities created by statute.

While this is a case of first impression, we are guided by this court's opinion in *Wollan v. Jahnz*, 656 N.W.2d 416 (Minn. App.2003), concerning a similar issue.[3] The *Wollan* plaintiff was injured in a snowmobile accident caused by an intoxicated person under age 21. *Id.* at 417. Four years later, she sought to bring an

1. Because the question did not conform to Minn. R. Civ.App. P. 128.02, subd. 1(b) and contained a clerical error, we have reframed it. *See State v. Larivee*, 656 N.W.2d 226, 228 (Minn.2003) ("When the district court fails to properly frame the issues, the appellate court has the authority to clarify the question certified.").

2. The three other individuals whom respondents named as defendants take no part in this appeal. Respondents also brought a wrongful death action against the University of Minnesota. That action has been dismissed and the dismissal is not challenged on this appeal.

3. *Wollan* was brought under Minn.Stat. § 340A.801, subd. 6 (2002), against a seller of alcohol who had provided alcohol to a person under 21; it holds that "the six-year limitations period under Minn.Stat. § 541.05, subd. 1(5) [for 'any other injury ... not arising out of contract and not hereinafter enumerated'] is the proper measure" for such damages. *Id.* at 420. The instant action was brought under against a social host, not a seller of alcohol, whose liability was established by Minn.Stat. § 340A.90; here, therefore, we adopt the six-year limitations period under Minn.Stat. § 541.05, subd. 1(2), for actions "upon a liability created by statute." We see this as a difference without a distinction: both *Wollan* and this case hold that six years is the appropriate time limit for an action to recover for injuries caused by providing alcohol to a person under 21.

action under Minn.Stat. § 340A.801, subd. 6 (2002) against the bar that employed the intoxicated person and provided liquor to him. *Id.* Minn.Stat. § 340A.801, subd. 6, provides that "[n]othing in this chapter [governing actions against those who sell alcohol illegally] precludes common law tort claims against any person 21 years old or older who knowingly provides or furnishes alcoholic beverages to a person under the age of 21 years." The bar argued, and the district court agreed, that the action was barred by Minn.Stat. § 541.07(1) (2002), providing a two-year limitation for an action for a "tort resulting in personal injury." *Id.*

On appeal, this court reversed, concluding that Minn.Stat. § 541.07(1) did not apply because providing alcoholic beverages to a minor is not a tort at common law. *Id.* at 418. This court agreed with the plaintiff that the correct limitation is the six years provided by Minn.Stat. § 541.05, subd. 1(5) (2002), for an action "for any other injury to the person or rights of another, not arising on contract, and not hereinafter enumerated." *Id.* at 419.

Appellant argues that, because the instant case involves damages resulting from a death, the relevant limitation is set out in Minn.Stat. § 573.02 (2004), Action for Death by Wrongful Act, providing that, in situations other than professional negligence or murder, an action "may be commenced within three years after the date of death." But, just as the claim in *Wollan* was not a tort claim, the claim here is not a wrongful death claim. A wrongful death action may be brought only by a trustee appointed by the court at the request of the decedent's surviving spouse or next of kin. Minn.Stat. § 573.02, subd. 1, subd. 3 (2006). The claim that gave rise to this appeal was brought by the decedent's father and sisters, in their own names, as persons "injured ... by the intoxication of

another person under 21 years of age." Minn.Stat. § 340A.90, subd. 1(a).

■ Appellant attempts to read into Minn.Stat. § 340A.90 the distinction between the three-year limitation for wrongful death actions prescribed by Minn.Stat. § 573.02 and the six-year limitation for actions for other injuries prescribed by Minn.Stat. § 541.05. But Minn.Stat. § 340A.90 furnishes no basis for this reading: it provides a cause of action for those injured by the intoxication of a minor without reference to whether the intoxicated minor died, was injured, or caused injury to others. Had the legislature wished to include one or more limitation periods in Minn.Stat. § 340A.90, it could have done so. But this court cannot add to a statute what the legislature has either purposely omitted or inadvertently overlooked. *Ullom v. Indep. Sch. Dist. No. 112*, 515 N.W.2d 615, 617 (Minn.App.1994).

Finally, appellant invokes Minn.Stat. § 645.26, subd. 1 (2006), stating that, in statutory construction, the specific supercedes the general, to argue that Minn.Stat. § 573.02 applies because it pertains specifically to liability for wrongful death, while Minn.Stat. § 541.05, subd. 1(2), pertains to any liability created by statute. This argument fails; the statutes cannot be compared on this basis. Minn.Stat. § 573.02 highlights the specific nature of the victim's injury (wrongful death) while Minn. Stat. § 541.05, subd. 1(2), emphasizes a statutory liability that can vary with any qualifying statute.

## DECISION

Because appellant's liability in this action was created by Minn.Stat. § 340A.90 (2004), the appropriate limitation period is the six years that Minn.Stat. § 541.05, subd. 1(2) specifies for liabilities created by statute.

Certified question answered in the affirmative; affirmed.