Marie BLUMHARDT, Relator,

v.

INDEPENDENT SCHOOL DISTRICT NO. 361, International Falls, Respondent.

No. A11–1653.

Court of Appeals of Minnesota.

May 14, 2012.

Anne F. Krisnik, Education Minnesota, St. Paul, MN, for relator.

Margaret A. Skelton, Ratwik, Roszak & Maloney, P.A., Minneapolis, MN, for respondent.

Considered and decided by CONNOLLY, Presiding Judge; CRIPPEN, Judge; and HARTEN, Judge.*

## OPINION

CRIPPEN, Judge.

Relator challenges respondent school district's decision to deny her request for a leave of absence under Minn.Stat. § 179A.07, subd. 6 (2010), arguing that the

school district's decision to deny her request was based on an error of law. Because, based on the record before us, relator was not an elected or appointed official of an exclusive representative, we affirm. Respondent school district moved this court for dismissal of this appeal as moot. We decline to do so.

## FACTS

Relator Marie Blumhardt was a longtime employee of respondent Independent School District No. 361 (school district). Relator was also the president of the local teachers' union affiliate in the district. On July 8, 2011, relator submitted a written request to the district superintendent and the school board, asking for a leave of absence with a right to reinstatement under Minn.Stat. § 122A.46, subd. 2 (2010),[1] or under Minn.Stat. § 179A.07, subd. 6. Relator asked for a leave of absence of undefined length because she had been appointed to a field representative position with Education Minnesota, which is a statewide employee organization; teachers in the respondent school district belong to Local 331 of Education Minnesota. As the Education Minnesota field representative, relator would not be working with Local 331; rather, relator would be working with 15 different districts.

The school district denied relator's request for a leave of absence, stating that it could not replace relator with an educator of equal quality on such short notice. It indicated that she was expected to appear for work as scheduled on August 31, 2011. On that date, relator did not appear, and she turned in her keys. By letter on August 31, 2011, the school district informed relator that they were accepting

---

* Retired judges of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

1. Relator does not contest the school district's denial of her request for leave under Minn. Stat. § 122A.46, subd. 2.

this as a sign that she had resigned her position with the district. Relator appealed by writ of certiorari. Respondent requested that we dismiss this appeal as moot.

### ISSUE

Was the school district's decision to deny relator a leave of absence under Minn.Stat. § 179A.07, subd. 6, based on an error of law?

### ANALYSIS

■ We will reverse a school board's decision if it was "fraudulent, arbitrary, unreasonable, unsupported by substantial evidence, not within its jurisdiction, or based on an error of law." *Dokmo v. Indep. Sch. Dist. No. 11*, 459 N.W.2d 671, 675 (Minn.1990). The reviewing court may not substitute its judgment for that of the school board. *Atwood v. Indep. Sch. Dist. No. 51*, 354 N.W.2d 9, 11 (Minn.1984). The parties have briefed and argued the question of whether the board was legally obligated to grant relator's requested leave.

Relator requested a leave of absence under the Public Employment Labor Relations Act, Minn.Stat. §§ 179A.01–.40 (2010) (PELRA), which governs labor relations for all public employees, including teachers and educators. Relator relied on the leave-of-absence provisions of Minn.Stat. § 179A.07, subd. 6:

> A public employer ... must, upon request, provide for leaves of absence to elected or appointed officials of the exclusive representative or to a full-time appointed official of an exclusive representative of teachers in another Minnesota school district.

The language of this section is mandatory. *Id.* (stating that a public employer "must ... provide for leaves of absence").

■ This court's duty when construing a statute is to "ascertain and effectuate the intention of the legislature." Minn.Stat. § 645.16 (2010). In doing so, we may not "add to a statute what the legislature has either purposely omitted or inadvertently overlooked." *Christiansen v. Univ. of Minn. Bd. of Regents*, 733 N.W.2d 156, 159 (Minn.App.2007), *review denied* (Minn. Aug. 21, 2007). Finally, when a statute is clear and unambiguous, "the letter of the law shall not be disregarded under the pretext of pursuing the spirit." Minn.Stat. § 645.16.

■ The question before us is whether relator's position with Education Minnesota fits within the statutory parameters of Minn.Stat. § 179A.07, subd. 6. An "exclusive representative" is "an employee organization which has been certified by the commissioner ... to meet and negotiate with the employer on behalf of all employees in the appropriate unit." Minn.Stat. § 179A.03, subd. 8. An "appropriate unit," when referring to teachers, is "all the teachers in a district." *Id.,* subd. 2. It is undisputed in this record that Local 331 is the employee organization that is certified to negotiate for teachers of the respondent district.

An "employee organization" is "any union or organization of public employees whose purpose is, in whole or in part, to deal with public employers concerning grievances and terms and conditions of employment." Minn.Stat. § 179A.03, subd. 6. By the unambiguous language of the statute, Education Minnesota is an employee organization, but the local unit is the exclusive representative for respondent's teachers.

According to the record before us, relator "will be working for Education Minnesota, ... on behalf of local unions (exclusive representatives) in fifteen Minnesota school districts." She de-

scribed her position as "Field Staff for Education Minnesota" and stated that she "has been appointed by Education Minnesota to represent local unions in the Bemidji area. She will be working full-time in that capacity." This evidence indicates that relator was appointed to be an official of Education Minnesota.

The statutory phrase upon which relator relies grants a mandatory leave when the public employee has been appointed to be an official of "the exclusive representative." The record does not support a conclusion that she was appointed as an official of the exclusive representative, Local 331. By the plain language of the statute, relator is not entitled to a mandatory leave because she is not working for the exclusive representative. This conclusion follows from a failure to supply enough information to allow us to reach another conclusion, but we are constrained to examine the record before us; we do not hear a matter de novo and may not substitute our judgment for that of the school board. *Atwood v. Indep. Sch. Dist. No. 51*, 354 N.W.2d 9, 11 (Minn.1984).

Relator chose not to rely on the second part of the same phrase, which provides for a mandatory leave of absence for "a full-time appointed official of an exclusive representative of teachers in another Minnesota school district." Minn.Stat. § 179A.07, subd. 6. But based on the record before us, we cannot conclude that she was appointed as a full-time official of another exclusive representative or several exclusive representatives. The record indicates that she is a full-time appointed official of Education Minnesota, with job duties that include work with various exclusive representatives. Based on the plain language of the statute, relator is not entitled to the leave she seeks.

## DECISION

The legislature recognized and distinguished between an "exclusive representative," here a local unit, and a state-wide employee organization. We cannot ignore the legislature's plain language. *See* Minn.Stat. § 645.16. The record does not support a conclusion that relator was a full-time appointed official of an exclusive representative.[2]

**Affirmed; motion denied.**

---

2. Pointing to the alleged termination of relator's employment, respondent school district has moved to dismiss this matter as moot. We decline to do so. Under the mootness doctrine, the "general rule is that when, pending appeal, an event occurs that makes a decision on the merits unnecessary or an award of effective relief impossible, the appeal should be dismissed as moot." *In re Application of Minnegasco*, 565 N.W.2d 706, 710 (Minn.1997). It "is a flexible discretionary doctrine, not a mechanical rule that is invoked automatically." *Jasper v. Comm'r of Pub. Safety*, 642 N.W.2d 435, 439 (Minn. 2002). Thus, the doctrine requires "a comparison between the relief demanded and the circumstances of the case at the time of decision in order to determine whether there is a live controversy that can be resolved." *Minnegasco*, 565 N.W.2d at 710. This court would have the authority to grant relator relief from the school district's decision to deny her a leave of absence, despite the fact that relator indicated she would not be returning to work, if relator were working for an exclusive representative. Thus, relator's appeal is not moot.